OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, James Gilliam, appeals the decisions of the Carroll County Court of Common Pleas which found him guilty of rape, a first-degree felony, sentenced him to eight years imprisonment, and designated him a sexual predator. Gilliam raises two issues before this court.
 {¶ 2} First, Gilliam claims the trial court erred when sentencing him to more than the minimum prison term since the trial court's findings to the contrary were not supported by the record and the sentence constituted an unnecessary burden on government resources. Before an appellate court can vacate or otherwise modify a sentence imposed for a felony offense, it must clearly and convincing find either that the trial court's findings are not supported by the record or that his sentence is otherwise contrary to law. In this case, the trial court made the findings necessary to sentence Gilliam to more than the minimum prison sentence and its findings are supported by the record. Furthermore, Gilliam has not demonstrated either that his sentence will impose an unnecessary burden on state or local government resources or that the sentence is inconsistent with sentences imposed on similar offenders for similar crimes.
 {¶ 3} Second, Gilliam claims his designation as a sexual predator was not supported by the record and that counsel was ineffective for agreeing to stipulate that Gilliam was a sexual predator. Gilliam stipulated that he was a sexual predator and the trial court ensured that this was a knowing, voluntary, and intelligent stipulation. The stipulation was made as part of Gilliam's felony plea agreement. Accordingly, Gilliam received a benefit from making the stipulation. Counsel was not ineffective for allowing Gilliam to make this stipulation. Because Gilliam's arguments are meritless, both his sentence and his designation as a sexual predator are affirmed.
 Facts {¶ 4} The Carroll County Grand Jury indicted Gilliam for one count of rape and three counts of gross sexual imposition. This indictment arose from a series of incidents involving Gilliam's then eleven-year old stepdaughter between April 2000 and March 2001. When Gilliam was arraigned, he pled not guilty to the charged offenses. After the State provided Gilliam with discovery, the parties entered into a plea agreement. In that agreement, Gilliam agreed to plead guilty to the one count of rape and stipulate that he was a sexual predator. In exchange, the State agreed to nolle the three gross sexual imposition charges.
 {¶ 5} The parties informed the trial court of the plea agreement before the trial court held a change of plea hearing and the trial court ordered that a pre-sentence investigation report be prepared prior to that hearing. At the change of plea hearing, the trial court conducted a Crim.R. 11(C) colloquy with the defendant and accepted his guilty plea. It then proceeded immediately to sentencing. The court stated that it reviewed the pre-sentence investigation report and victim impact statement. It noted the following facts:
 {¶ 6} "And certainly, the relationship of stepfather-stepchild creates a situation where a degree of control is exercised or that that position as stepfather facilitated the commission of this offense as well as the others and the Court is also cognizant of a pattern of sexual abuse in this case from the Victim Impact Statement and from the Pre-Sentence Report and the court is also aware that there is a substantial likelihood of recidivism in cases of this nature and that this defendant does pose a serious risk to the community."
 {¶ 7} The trial court then concluded:
 {¶ 8} "I have considered, as I say, the Victim Impact Statement, the pre-sentence report, cognizant of the fact that you have no prior criminal record although this is the most serious form of sex offense one could possibly commit, and because the Legislature has indicated that prison confinement in every rape case is mandatory, within the range permitted under a Felony One, certainly that suggests that the Legislature intends for people who commit rape to be punished and in this particular case, in light of the stepfather-stepdaughter relationship, your age, her age, apparently these multiple incidents, the court finds that the shortest prison term would demean the seriousness of this offense and/or would not adequately protect the public from future crime and certainly what you've done with this child, by robbing her of her innocence, is the worst one of the offense of rape."
 {¶ 9} The trial court then sentenced Gilliam to an eight-year prison term. Since the trial court accepted Gilliam's stipulation that he was a sexual predator as part of his plea agreement, it also designated him as a sexual predator.
 {¶ 10} This court granted Gilliam's motion for a delayed appeal and appointed counsel. Gilliam twice sought a change of counsel during his appeal and this court granted each request. Before Gilliam's third appellate counsel could file a brief on his behalf, Gilliam filed a pro se appellate brief containing two assignments of error. Gilliam's counsel then filed an additional brief, arguing two assignments of error which are similar to those argued by Gilliam. The arguments in counsel's brief are essentially an extension of those found in Gilliam's pro se brief.
 Sentence {¶ 1} Gilliam's first pro se assignment of error and his counsel's first assignment of error address the same issue. Respectively, they argue:
 {¶ 2} "The trial court, prosecutor, and defense counsel erred to the prejudice of Appellant, by their failure to seek and impose the shortest prison term authorized for the offense, which is contrary to law, and in violation of the Ohio and United States Constitution."
 {¶ 3} "The trial court erred when it imposed a near-maximum sentence of imprisonment. The record does not support the sentence imposed."
 {¶ 4} In his pro se argument, Gilliam contends that the sentence imposed on him was improper because a thorough review of the underlying facts in this case would have revealed many mitigating circumstances. He then argues that the trial court's findings that he should be sentenced to more than the minimum sentence are unsupported by the record. His counsel argues that the length of Gilliam's sentence imposes an unnecessary burden on government resources. In addition, Gilliam's counsel contends that the sentence imposed on Gilliam is inconsistent with sentences imposed for similar offenses by similar offenders. Finally, his counsel argues that the seriousness and recidivism factors in R.C. 2929.12 demonstrate that the sentence imposed is not supported by the record.
 {¶ 5} When reviewing any sentence imposed for a felony, we cannot reverse, vacate, or modify the sentence unless we clearly and convincingly find either that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2).
 {¶ 6} When sentencing an offender, the trial court must consider several aspects of the sentencing statutes. First, the overriding purposes of felony sentencing must be followed, namely, to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). The court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). Keeping these purposes in mind, if the offender has not previously served a prison term, R.C. 2929.14(B) presumes the imposition of the shortest prison term for an offense.
 {¶ 7} The trial court may only impose a sentence beyond the minimum term when it specifically finds on the record that the shortest prison term would either demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The trial court is not required to give an explanation for its finding. Rather, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999),86 Ohio St.3d 324, 326. When determining the seriousness of the offense and the likelihood of recidivism, the trial court should look to the factors in R.C. 2929.12.
 {¶ 8} In this case, the trial court found that Gilliam had not served a previous prison term. It then found "that the shortest prison term would demean the seriousness of this offense and/or would not adequately protect the public from future crime" and that Gilliam committed "the worst one of the offense of rape." Clearly, these findings comply with the requirements of R.C. 2929.14(B). And despite Gilliam's protests to the contrary, we cannot clearly and convincingly find that the trial court's findings are not supported by the record.
 {¶ 9} Many of the statutory factors which make a crime more serious were present in this case. For instance, the injury the victim suffered due to Gilliam's conduct was exacerbated because of the age of the victim. R.C. 2929.12(B)(1). Likewise, the victim of this rape would have suffered serious physical or psychological harm as a result of the offense. R.C. 2929.12(B)(2). Finally, there is little doubt that Gilliam's relationship to the child as her stepfather facilitated the offense. R.C. 2929.12(B)(6).
 {¶ 10} In contrast, none of the statutory factors which mitigate the seriousness of the offense apply in this case. The record does not indicate that the victim induced or facilitated the offense. R.C.2929.12(C)(1). The record also does not indicate that Gilliam acted under strong provocation when committing the offense. R.C. 2929.12(C)(2). Clearly, when Gilliam raped his stepdaughter he should have expected to cause her physical harm. R.C. 2929.12(C)(3). And finally, there are no substantial grounds to mitigate Gilliam's conduct. R.C. 2929.12(C)(4). Gilliam provided a written document explaining why he committed the offense. But this document expresses his belief that his wife and stepchildren were lying to him and that his wife was cheating on him. This does not constitute substantial grounds for mitigating Gilliam's conduct.
 {¶ 11} Furthermore, there are reasons to support the trial court's conclusion that a minimum prison term would not adequately protect the public from future offenses by Gilliam. As the trial court noted, "individuals who engage in sexual acts with minors generally have high recidivism rates." State v. Spatney (Feb. 27, 2002), 8th Dist. No. 20686. In addition, if it was required to provide the reasons to support its findings, the trial court could have concluded that Gilliam did not show true remorse for committing the offense since his written statement blames his wife and daughters for driving him to commit the offense. See R.C. 2929.12(D)(5).
 {¶ 12} There are certainly factors showing that Gilliam is less likely to recidivate. For instance, he is thirty-three years old and does not have a prior criminal history. See R.C. 2929.12(E)(2), (3). But given the facts in this case, we cannot conclude that the record clearly and convincingly demonstrates that the trial court's conclusion that the shortest prison term would not adequately protect the public was incorrect. Accordingly, Gilliam's argument that the record does not support the trial court's findings is meritless.
 {¶ 13} Nevertheless, Gilliam argues that the sentence the trial court imposed on Gilliam, eight years of imprisonment, is contrary to law. Gilliam argues that this sentence violates R.C. 2929.13(A). That statute provides, inter alia, that any sentence for a felony offense "shall not impose an unnecessary burden on state or local government resources." Id. The Second District has opined that trial courts should consider this factor because unduly harsh and lengthy prison sentences are detrimental to both the defendant and "`the taxpayers of the state who must bear the financial burden of a prolonged incarceration.'" State v. Henning, 2nd Dist. No. 19502, 2003-Ohio-2082, ¶ 14, quoting State v. Rothgeb, 2nd Dist. No. 02CA7, 2003-Ohio-0465.
 {¶ 14} But while Gilliam's argument may be true, R.C. 2953.08(G)(2) states that this court can only modify or reverse the sentence if it clearly and convincingly finds that the sentence is contrary to law. Gilliam has not made out a case demonstrating that his sentence would impose an unnecessary burden on state or local government. The mere fact that an offender has a lengthy sentence does not mean that the state is bearing an unnecessary burden when incarcerating him. In some cases, a lengthy incarceration is worth the cost of housing certain offenders, both for punitive reasons and to ensure that an offender is not free to reoffend. State v. Vlahopoulos, 154 Ohio App.3d 450, 2003-Ohio-5070, ¶5. And the State clearly has a significant interest in imprisoning those who rape children. See State v. Arnder, 5th Dist. No. 2001 AP 08 0073, 2002-Ohio-2860. Without some evidence in the record that the sentence the trial court imposed would create an unnecessary burden on state or local government resources, we cannot clearly and convincingly find that Gilliam's sentence is contrary to R.C. 2929.13(A).
 {¶ 15} Finally, Gilliam argues that the sentence the trial court imposed is contrary to law because it violates R.C. 2929.11(B). That statute provides, inter alia, that a trial court should ensure that the sentence it is imposing on a felony offender is "consistent with sentences imposed for similar crimes committed by similar offenders." Id. Gilliam cites State v. Lyons, 8th Dist. No. 80220, 2002-Ohio-3424, for the proposition that it is the sentencing court's responsibility to ensure that the sentence imposed is consistent with those imposed for similar crimes committed by similar offenders. But this does not change the fact that on appeal this court may not modify or reverse the sentence imposed unless it clearly and convincingly finds that it is contrary to law. R.C. 2953.08(G)(2).
 {¶ 16} Although Gilliam incorrectly attributes the holding in Statev. Agner, 3rd Dist. No. 8-02-28, 2003-Ohio-5458, to this court, the reasoning in that case applies here. In Agner, the defendant pled guilty to one count of rape and was sentenced to seven years imprisonment. The victim of the offense was an eight-year old child. On appeal, the defendant argued that his sentence was contrary to law since it was inconsistent with sentences imposed for similar crimes.
 {¶ 17} The Third District began its review by noting that the party which is claiming an inconsistency bears the burden of proving the inconsistency by providing the court with sentences imposed for similar crimes by similar offenders which validate the claim of inconsistency. Id. at ¶ 13, citing State v. Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-1522. Both the defendant and the State presented cases which they used to argue either the consistency or inconsistency of the defendant's sentence. After examining these cases, the appellate court found that the range of sentences imposed upon offenders convicted of the rape or attempted rape of a child under the age of thirteen is between four and eight years, with more sentences at the higher end of this range. It found that the sentence imposed upon the defendant, seven years imprisonment, was consistent with these other sentences.
 {¶ 18} In this case, Gilliam has not provided this court with any cases which could demonstrate an inconsistency. Indeed, the only case he cites is Agner and the sentence Gilliam received is within the range of sentences Agner states have been imposed on similar offenders for similar crimes. Gilliam has failed to clearly and convincingly demonstrate that his sentence is contrary to law because it is inconsistent with sentences imposed on similar offenders for similar crimes.
 {¶ 19} Gilliam argues that we should vacate his sentence and remand it for three reasons. But this court must clearly and convincingly find either that the trial court's findings are not supported by the record or that his sentence is otherwise contrary to law. For the reasons given above, we cannot make that finding. Accordingly, Gilliam's first assignment of error is meritless.
 Sexual Predator Designation {¶ 20} Gilliam's second pro se assignment of error and his counsel's second assignment of error also address the same issue. Respectively, they argue:
 {¶ 21} "The trial court, prosecutor, and defense counsel erred to the prejudice of Appellant, by classifying him as a sexual predator, which is contrary to law, and in violation of the Ohio and United States Constitutions."
 {¶ 22} "Trial counsel rendered constitutionally ineffective assistance of counsel when he entered into a stipulation to a sexual predator classification."
 {¶ 23} In Gilliam's pro se brief, he argues that even though he stipulated that he was a sexual predator, the trial court erred by not considering the statutory factors before designating him a sexual predator. His appellate counsel argues that his trial counsel was ineffective for allowing Gilliam to stipulate that he was a sexual predator.
 {¶ 24} First, Gilliam's argument that the trial court was obligated to consider the statutory factors before classifying him as a sexual predator is meritless. Gilliam agreed to stipulate that he was a sexual predator as part of his plea agreement. He claims that since the trial court did not ensure that he knowingly, voluntarily, and intelligently made the stipulation, that the trial court was obligated to comply with the statutory procedures.
 {¶ 25} At the change of plea hearing, the trial court informed Gilliam of the consequences of a sexual predator classification, ensured he understood that he was waiving the right to have the State present any evidence in support of that classification, and inquired into the voluntariness of the stipulation. It did not advise him that by stipulating that he was a sexual predator he was waiving the equivalent of the rights described in Crim.R. 11. Gilliam argues that the trial court's failure to inform him that he was waiving these rights prevented him from making a knowing, voluntary, and intelligent stipulation.
 {¶ 26} In State v. Rogers, 7th Dist. No. 01 CO 5, 2002-Ohio-1150, this court stated what a trial court needed to ask to ensure that a defendant was knowingly, voluntarily, and intelligently stipulating that he was a sexual predator. In that case, the trial court informed the defendant that he had the right to a hearing and the consequences of being classified as a sexual predator. It then ensured that the defendant was voluntarily stipulating to that status. This court concluded that with this inquiry, the trial court ensured that the defendant was knowingly, voluntarily, and intelligently stipulating that he was a sexual predator.
 {¶ 27} The trial court in this case made essentially the same inquiry as the one in Rogers. It ensured that Gilliam knew he was waiving the right to a hearing, that he knew the consequences of being labeled a sexual predator, and that he still wanted to make the stipulation. Accordingly, Gilliam's argument that he did not knowingly, voluntarily, and intelligently stipulate that he is a sexual predator is meritless.
 {¶ 28} This court has previously held that a trial court does not need to hold a sexual predator hearing and make the findings required by statute when a defendant stipulates that he is a sexual predator. Statev. McCarthy, 7th Dist. No. 01 BA 33, 2002-Ohio-5185, ¶ 22. This is because a stipulation is a "voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary (7th Ed. 1999), 1427. "[P]arties are bound as to all matters of fact and law concerned in their stipulations." State v. Folk (1991), 74 Ohio App.3d 468, 471. Since Gilliam voluntarily stipulated that he was a sexual predator, the trial court was obliged to designate him as a sexual predator and this assignment of error is meritless.
 Ineffective Assistance of Counsel {¶ 29} Since Gilliam cannot successfully challenge the effect of the stipulation, appellate counsel argues that trial counsel was ineffective for allowing Gilliam to make that stipulation. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate counsel's performance was deficient and that deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98. In order for a court to conclude counsel was ineffective, the defendant must overcome the presumption that, under the circumstances, the allegedly ineffective action might be considered sound trial strategy. Strickland at 698.
 {¶ 30} Gilliam argues he was prejudiced by counsel's actions since he believes he had a good chance of prevailing on the sexual predator classification since this offense was his first criminal conviction. This court was faced with almost precisely the same argument in McCarthy. In that case, the defendant pled guilty to rape of a child under the age of thirteen and stipulated that he was a sexual predator. On appeal, the defendant argued that his attorney rendered deficient performance which prejudiced appellant when he allowed appellant to waive the sexual predator hearing and stipulate to that classification. This court addressed this argument as follows:
 {¶ 31} "As for prejudice, appellant believes that he had a good chance of prevailing on the sexual predator classification because he is a first-time sexual offender who showed remorse. The state argues that appellant was not prejudiced because it still would have proved his sexual predator status by clear and convincing evidence if the hearing had proceeded, and thus, there is no reasonable probability that the outcome would have been different.
 {¶ 32} "However, prejudice is not analyzed unless a deficiency is first proven. Appellant claims that the attorney's advice was not a reasonable tactical decision because appellant gained nothing by stipulating to his status as a sexual predator. However, a plea and/or stipulation does not become voidable merely because the state gave nothing in return; some defendants plead and stipulate because they agree with the state's allegations. Nonetheless, in this case, the state agreed to stand silent as to the term of incarceration; hence, appellant did receive something.
 {¶ 33} "In conclusion, if the decision to enter a sexual predator stipulation was made knowingly and voluntarily by appellant, then counsel did not render deficient performance. See Rogers, 7th Dist. No. 01CO5. The court inquired of appellant on the record as to his decision and advised him of the ramifications. More importantly, there is no allegation that appellant's stipulation was not voluntary or knowing." Id. at ¶ 24-26.
 {¶ 34} The same rationale applies in this case. Although Gilliam argues he gained nothing by the stipulation, this is simply incorrect. The stipulation was part of his plea agreement. In exchange for Gilliam's guilty plea to rape and the stipulation that he was a sexual predator, the State agreed to nolle the remaining charges and take no position in a timely motion for judicial release. As discussed above, the trial court ensured that Gilliam knowingly, voluntarily, and intelligently made the stipulation. Accordingly, counsel's performance was not deficient. Gilliam's argument that counsel was ineffective for allowing him to stipulate that he is a sexual predator is also meritless.
 {¶ 35} Accordingly, all of Gilliam's assignments of error are meritless and the judgment of the trial court with regard to his sentence and his designation as a sexual predator are affirmed.
Waite, P.J., concurs.
Vukovich, J., concurs.