OPINION *Page 2 
{¶ 1} Defendant-appellant Chad Barnette appeals from his maximum, consecutive sentences totaling eighty-four years entered by the Mahoning County Common Pleas Court upon resentencing after the Supreme Court remanded pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The first issue on appeal is whether the trial court properly complied with R.C. 2929.11 and 2929.12. The second issue is whether the sentence constitutes cruel and unusual punishment. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE FACTS {¶ 2} On January 29, 2001, appellant and his co-defendant, James Goins, were sixteen-year-old juveniles who decided to wreak mayhem on their Youngstown neighborhood. First, they attacked William Sovak, age 84, who had alighted from his home to retrieve his newspaper. Appellant and Goins repeatedly pushed and hit Mr. Sovak; each time they pushed him or he fell to the ground, they kicked him. They also hit Mr. Sovak on the head with his telephone as they stole a set of keys from the kitchen.
 {¶ 3} After this initial beating, they threw Mr. Sovak down the basement stairs, causing him to lose consciousness. Appellant and Goins then beat Mr. Sovak with a mallet and dragged him to a fruit cellar storage room. They used a screwdriver as a lock to bar his escape and left him there to die. Luckily, a neighbor telephoned a relative to report that there was blood all over Mr. Sovak's house and a trail leading to the basement. Mr. Sovak was then discovered in the fruit cellar. Mr. Sovak sustained a concussion, a spinal cord contusion, fractured vertebrae, a punctured lung, broken ribs and multiple external wounds.
 {¶ 4} That same night, appellant and Goins donned scarves over their faces and kicked their way into the home of Louis and Elizabeth Luchisan. Mr. Luchisan was sixty-four years old and was nearly confined to a chair on wheels due to medical infirmities. One of the two intruders entered with a sawed-off shotgun. They both demanded money and dragged Mrs. Luchisan around her house looking for cash. Mrs. Luchisan surrendered approximately $167, and Mr. Luchisan handed over $20. The *Page 3 
assailants hit Mr. Luchisan over the head with plates and other objects causing severe head contusions and profuse bleeding. Mrs. Luchisan was hit in the head and legs with the shotgun. The assailants also hit her with a telephone and threatened to kill her. Her head trauma later had to be remedied with staples.
 {¶ 5} As they fled the house, the assailants stopped to take a 27-inch television set and the keys to the Luchisan's vehicle in which they absconded. The police spotted the stolen car as they were later inspecting the two crime scenes. A police officer stood in the road with his weapon drawn while officers in cruisers caused other obstacles. The car veered from the armed officer and crashed into a tree. There were four people in the car. Goins, who was in the front passenger seat, fled from the crash but was soon captured.
 {¶ 6} Appellant was in the back seat. Citing his position in the vehicle, appellant later claimed that he was not involved in the intrusions and beatings. However, Mr. Sovak positively identified appellant as one of his attackers. Moreover, the tread of appellant's shoes matched shoe tread marks that were left at the crime scene. Officers discovered a sawed-off shotgun in the vehicle and found Mr. Sovak's keys in Goins' residence.
 {¶ 7} The juvenile court bound appellant over to the Mahoning County Grand Jury, and he was thereafter indicted for: (1) attempted aggravated murder of Mr. Sovak; (2) aggravated burglary of Mr. Sovak; (3) aggravated robbery of Mr. Sovak; (4) kidnapping of Mr. Sovak; (5) aggravated burglary of the Luchisans; (6) aggravated robbery of Mr. Luchisan; (7) aggravated robbery of Mrs. Luchisan; (8) kidnapping of Mr. Luchisan; (9) kidnapping of Mrs. Luchisan; (10) felonious assault of Mr. Luchisan; (11) felonious assault of Mrs. Luchisan; (12) and receiving stolen property (the Luchisans' automobile). Four gun specifications were charged related to the robberies and kidnappings of the Luchisans.
 {¶ 8} On March 12, 2002, the jury found appellant guilty of all charges except the count of felonious assault against Mrs. Luchisan. The jury also found appellant guilty of the gun specifications. A sentencing hearing was held on March 20, 2002. In a March 21, 2002 entry, the court sentenced appellant to maximum prison terms on each count (eighteen months for receiving stolen property, eight years for felonious *Page 4 
assault and ten years on all other offenses) plus three years on each gun specification. The court merged the kidnapping charges, and related gun specifications, with the robbery charges with regard to each Luchisan victim. The court then ordered that all remaining sentences run consecutively, for a total of eighty-five and one half years in prison.
 {¶ 9} On appeal, we held that appellant could not be sentenced for receiving stolen property because the aggravated robbery charges were based upon the same property. State v. Barnette, 7th Dist. No. 02CA65,2004-Ohio-7211, ¶ 52. We also reversed one ten-year maximum sentence and imposed a minimum three-year sentence due to the trial court's failure to include Mr. Sovak's aggravated robbery when it listed the offenses considered to represent the worst forms of the offenses. Id. at ¶ 89-90. See, also, State v. Barnette (Feb. 2, 2005), 7th Dist. No. 02CA65 (reconsideration decision). We affirmed the trial court's decision on all other grounds raised. See id.
 {¶ 10} The Supreme Court accepted for review only appellant's sentencing claim under Blakely v. Washington (2004), 542 U.S. 296. Upon the release of Foster, the Supreme Court reversed appellant's sentence and remanded for resentencing. In re Ohio Crim. Sent. Statutes,109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 12.
 {¶ 11} On July 25, 2006, resentencing proceeded before the trial court. In a July 31, 2006 entry, the court reimposed its original sentence of maximum, consecutive sentences on all non-merged offenses and firearm specifications, with the exception of the receiving stolen property charge which the trial court omitted from sentencing due to our prior appellate decision on that matter. Thus, appellant received ten years for the attempted aggravated murder of Mr. Sovak, ten years for the aggravated burglary of Mr. Sovak, ten years for the aggravated robbery of Mr. Sovak, ten years for the kidnapping of Mr. Sovak, ten years for the aggravated burglary of the Luchisans, ten years for the aggravated robbery of Mr. Luchisan (merged with his kidnapping), ten years for the aggravated robbery of Mrs. Luchisan (merged with her kidnapping), eight years for the felonious assault of Mr. Luchisan, and three years for each of two gun specifications with regards to the Luchisans (with the other two gun *Page 5 
specifications merging as they accompanied the merged kidnapping counts). Consecutively, this totals eighty-four years in prison. The within appeal resulted.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 12} Appellant sets forth two assignments of error, the first of which alleges:
 {¶ 13} "THE COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO EIGHTY-FOUR (84) YEARS."
 {¶ 14} Appellant notes that the court failed to mention R.C. 2929.11
and 2929.12 or the contents of these statutes until it had already announced appellant's sentences on the first five counts. (Tr. 21). Appellant then complains that the court failed to discuss the factors in R.C. 2929.12 with any great detail at the sentencing hearing. As to the sentencing entry, appellant acknowledges that the court mentioned that it considered the purposes and principles of sentencing under R.C.2929.11 and disclosed that it balanced the seriousness and recidivism factors under R.C. 2929.12. However, appellant complains that the court failed to reason the factors into its sentencing structure, which he contends is now mandatory as a result of Foster. That is, he urges that the court is required to reveal its thoughtful consideration of the purposes and principles of sentencing and the seriousness and recidivism factors personal to each defendant and each offense. He concludes that the court based its sentence solely on the nature of the offenses rather than the requisite factors. Lastly, he suggests that the sentence is not consistent with sentences for similar crimes.
 {¶ 15} The "general judicial guide" for felony sentencing is contained in R.C. 2929.11 and 2929.12. Foster, 109 Ohio St.3d 1 at ¶ 36. R.C.2929.11 provides:
 {¶ 16} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 17} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this *Page 6 
section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 18} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 19} Thereafter, R.C. 2929.12(A) provides:
 {¶ 20} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 21} Thus, the court can consider any factor it finds relevant to achieve the purposes and principles of R.C. 2929.11, including the seriousness and recidivism factors listed in divisions (B) through (E) of R.C. 2929.12. Pursuant to these general guidance statutes, the sentencing court "is merely to `consider' the statutory factors."Foster, 109 Ohio St.3d 1 at ¶ 42. The Supreme Court subsequently explained:
 {¶ 22} "Although after Foster the trial court is no longer compelled to make findings and give reasons at the sentencing hearing because R.C.2929.19(B)(2) has been excised, nevertheless, in exercising its discretion, the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38.
 {¶ 23} This statement establishes that R.C. 2929.11 and 2929.12 do not require findings and reasons to be placed on the record at sentencing or in an entry. Fosters focus was to excise the statutes which required judicial fact-finding, such as those *Page 7 
dealing with deviating from the minimum and imposing maximum and consecutive sentences. Foster, 109 Ohio St.3d 1 at ¶ 97, 99. Although the sentencing court must give careful consideration to the general guidance statutes, this was always the case. Contrary to appellant's suggestion, nothing in Foster made the requirements of R.C. 2929.11 and2929.12 any different than they were pre-Foster.
 {¶ 24} The precedent in Ohio once stated that a silent record gives rise to a presumption that the trial court considered the R.C. 2929.12
factors. State v. Cyrus (1992), 63 Ohio St.3d 164, 166 (also holding that failure to mention statute until after sentencing is irrelevant);State v. Adams (1988), 37 Ohio St.3d 295, 297-298. After Senate Bill 2, this precedent was changed. See, e.g., State v. Pickford (Feb. 22, 1999), 7th Dist. No. 97JE21 (explaining that the S.B. 2 amendment to R.C. 2929.12 deleted the statement that the factors "do not control the court's discretion" and noting that we no longer presume consideration of factors from a silent record).
 {¶ 25} The Supreme Court continued to hold that R.C. 2929.12 does not require that the sentencing court make specific findings on the record or use specific language to evidence its consideration of the seriousness and recidivism factors. State v. Arnett (2000),88 Ohio St.3d 208, 215. However, precedent now requires that there at least be an indication in the record that the trial court considered the factors in R.C. 2929.12. See id. ("the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable age factor"). This court and others have thus concluded that the trial court's mere statement that it considered the factors in R.C. 2929.12 is sufficient to establish compliance with its duty. State v. Jones, 7th Dist. No. 04MA76,2005-Ohio-6937, ¶ 39-40; State v. Gomez (May 23, 2000), 7th Dist. No. 99CA10. See, also, State v. Woods, 5th Dist. No. 05CA46, 2006-Ohio-1342, ¶ 20;State v. Brooks (Aug. 18, 1998), 10th Dist. No. 97APA11-1543.
 {¶ 26} Here, we do not have a silent record. Rather, we have a record and a sentencing entry that specifically announce that the court considered the purposes and principles of sentencing contained in R.C.2929.11 and the seriousness and recidivism factors contained in R.C.2929.12. (Tr. 21). Contrary to appellant's argument, the fact that the court stopped its sentencing to specifically cite the statutes and note its *Page 8 
consideration of the purposes and principles of sentencing and the seriousness and recidivism factors does not constitute error. It is the consideration itself and not the timing of that consideration in the sentencing colloquy that is relevant. As long as the court considered the requisite criteria, we can uphold the sentence.
 {¶ 27} In any event, as will be reviewed infra, the court placed on the record a range of pronouncements and findings that coincide with various statutory factors. In fact, these statements were made prior to the announcement of the court's sentence.
 {¶ 28} First, it must remembered that this was a Foster resentencing, and we had already approved the trial court's decision that these offenses were the worst form of the offenses (with the exception of one offense the trial court mistakenly omitted from its list at the time) and that they could be served consecutively. At resentencing, the trial court affirmed its belief that these crimes constituted the worst forms of the offenses. (Tr. 4, 19, 29). Although this is no longer a required factor for sentencing to the maximum, it is a proper consideration as any other factor under R.C. 2929.19 (A), (B). See State v. Moore, 7th Dist. No. 06MA60, 2007-Ohio-1574, ¶ 9. See, also, Foster,109 Ohio St.3d 1 at ¶ 100 (full discretion to sentence within range).
 {¶ 29} Second, the court reviewed the highlights of the trial and noted that the occurrences of the trial and prior sentencing hearing are "forever etched into my mind. They are unpleasant memories of an unpleasant reminder of man's inhumanity to man." (Tr. 6). The judge later reiterated that he could not imagine somebody doing to another human being what appellant did to the victims. (Tr. 18). This establishes the court's consideration of the seriousness of appellant's conduct in committing these offenses. Contrary to appellant's suggestion, the nature of the offenses is a permissible consideration, and the sentencing court may assign great weight to such factor. See R.C. 2929.19(A), (B) (any other relevant factor). See, also,Arnett, 88 Ohio St.3d at 215, citing State v. Fox (1994),69 Ohio St.3d 183, 193 (individual decision-maker has discretion to choose weight to assign factors).
 {¶ 30} Third, the court explained the serious injuries to Mr. Sovak including a concussion, a punctured lung, a spinal cord contusion, fractured vertebrae, renal contusions and herniations. (Tr. 16). The court noted that Mr. Luchisan was confined to a wheeled chair when he was beaten. (Tr. 16-17). The court also pointed out that *Page 9 
Mrs. Luchisan's head wounds had to be repaired with staples. (Tr. 17). These facts coincide with R.C. 2929.12(B)(2) dealing with the victim suffering serious physical harm. None of the statutory factors that could make the offense less serious are applicable here. See R.C.2929.12(C).
 {¶ 31} As for recidivism, the court read a multitude of offenses listed on appellant's criminal record from Florida. (Tr. 16). See R.C.2929.12(A), (D)(2). The court noted that appellant denied involvement with these offenses in the presentence investigation. (Tr. 16). The court also pointed out that appellant did not express remorse at resentencing. (Tr. 12). See R.C. 2929.12(D)(5). The court pointed out that Goins explained the robberies by stating that they were bored. (Tr. 16). The court opined that the facts of the case establish that appellant was a menace to society. (Tr. 18-19). None of the factors listed that would make recidivism less likely are applicable. See R.C.2929.12 (E).
 {¶ 32} Accordingly, from the court's comments prior to announcing the sentence, we can determine that the court considered the relevant factors in sentencing appellant. As aforementioned, besides reciting the facts and outlining the relevant data, the court also explicitly advised that it considered the purposes and principles of sentencing under R.C.2929.11 and the seriousness and recidivism factors of R.C. 2929.12. We can thus conclude that the sentencing court has sufficiently fulfilled its duty under these statutes.
 {¶ 33} As for whether appellant's sentence is proportional to other such offenses by similar offenders, we note that this is not the typical aggravated burglary, aggravated robbery, kidnapping scenario, and one could find that appellant is not the typical offender. See R.C.2929.11(B) ("A sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders"). That is, other aggravated robberies and aggravated burglaries do not all entail beatings of elderly people who are locked up and left to die or smashing telephones over the heads of strangers in their own homes in order to impress upon them a desire for money.
 {¶ 34} We must also point out that in his prior appeal, appellant cited us to other cases for comparison when raising this issue. We distinguished and compared those *Page 10 
cases and concluded that that sentence was not disproportionate to other sentences for similar offenses. Barnette, 7th Dist. No. 02CA65 at ¶ 96. Hence, we shall maintain this decision without further analysis, especially since appellant merely makes a one sentence argument on this issue with no case citations here. State v. Gilliam, 7th Dist. No. 02CA783, 2004-Ohio-3195, ¶ 17-18 (defendant's argument fails where he fails to meet his burden of proving the inconsistency in sentencing by providing the court with examples of sentences imposed for similar crimes by similar offenders). For all of the foregoing reasons, this assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 35} Appellant's second assignment of error contends:
 {¶ 36} "DEFENDANT'S SENTENCE OF EIGHTY-FOUR (84) YEARS IS CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE U.S. AND OHIO CONSTITUTION."
 {¶ 37} Here, appellant claims that the sanctions imposed constitute cruel and unusual punishment because the court violated the principle in R.C. 2929.41(A), which provides that sentences are to be served concurrently. He concludes that due to this statutory provision, consecutive sentences shock the conscience.
 {¶ 38} The Ohio Supreme Court has outlined the relevant law on cruel and unusual punishment as follows:
 {¶ 39} "The Eighth Amendment to the Constitution of the United States provides: `Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.' Section 9, Article I of the Ohio Constitution is couched in identical language. Historically, the Eighth Amendment has been invoked in extremely rare cases, where it has been necessary to protect individuals from inhumane punishment such as torture or other barbarous acts. Robinson v.California (1962), 370 U.S. 660, 676, 82 S.Ct. 1417, 1425,8 L.Ed.2d 758, 768. Over the years, it has also been used to prohibit punishments that were found to be disproportionate to the crimes committed. InMcDougle v. Maxwell (1964), 1 Ohio St.2d 68, 30 O.O.2d 38,203 N.E.2d 334, this court stressed that Eighth Amendment violations are rare. We stated that `[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be *Page 11 
considered shocking to any reasonable person.' Id. at 70,30 O.O.2d at 39, 203 N.E.2d at 336. Furthermore, `the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.' Id. See, also, State v. Chaffin (1972), 30 Ohio St.2d 13,59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus." State v.Weitbrecht (1999), 86 Ohio St.3d 368, 370-371.
 {¶ 40} Generally, a sentence that falls within the terms of a valid statute is not a cruel and unusual punishment. McDougle v. Maxwell
(1964), 1 Ohio St.2d 68, 69. Rather than attacking the court's choice of sentence itself under the cruel and unusual punishment clause, the defendant typically attacks the statute that allows the punishment; for instance, a death penalty statute that allows execution of mentally retarded individuals, or as in Weitbrecht, a statute that permits a sentence of five year in prison for an involuntary manslaughter that resulted from a mere minor misdemeanor traffic violation. Here, however, appellant is challenging the length of his sentence as chosen by the trial court within the allowable statutory range.
 {¶ 41} As the state points out, appellant failed to raise this argument in his prior appeal, and the sentence in that case was eighteen months longer. Thus, we need not (but may) consider his constitutional argument. See In re M.D. (1988), 38 Ohio St.3d 149, syllabus (discretion to consider waived constitutional arguments).
 {¶ 42} Regardless of his waiver and any problems in the method of raising the argument, the trial court opined that the crime was shocking and that appellant should never be permitted to menace society in such manner again. Although appellant urges that his total sentence of eighty-four years is constitutionally too high, this is a conclusory allegation with no factual argument or support. Considering the facts of the offenses, the sentences are not so greatly disproportionate to the offenses so as to shock the sense of justice in the community. SeeWeitbrecht, 86 Ohio St.3d at 371.
 {¶ 43} It was found by a jury that appellant purposely tried to kill an elderly victim of a burglary and that appellant locked him up hoping to ensure his death. This was not an isolated event as he continued his rampage at a nearby house where he terrorized a disabled man and his wife. Appellant was a juvenile, but he already had a sizeable and related criminal record. As such, it was not unreasonable for the trial court to determine that the savage occurrences in the case at hand establish that *Page 12 
appellant's persona was too tainted for rehabilitation and that he required long-term incarceration to protect the community from his flawed sense of entitlement. This is not the rare case where the cruel and unusual punishment argument merits consideration.
 {¶ 44} In any event, appellant's cruel and unusual punishment argument is seemingly based wholly on his belief that the court failed to properly apply Ohio law. That is, he specifically relies upon the trial court's alleged violation of R.C. 2929.41(A), which provides in pertinent part:
 {¶ 45} "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States."
 {¶ 46} In urging the trial court's violation of this provision, appellant expressly claims that nothing in Foster states that R.C.2929.41(A) is no longer the law. Yet, it appears that appellant misreadsFoster. In its introduction, the Foster Court outlined R.C. 2929.41(A) and its presumption. Foster, 109 Ohio St.3d 1 at ¶ 66. Later, the Court concluded that R.C. 2929.41(A) requires judicial findings of facts not proven by a jury or admitted and is thus unconstitutional. Id. at ¶ 83. See, also, id. at ¶ 3 of syllabus. The Court noted the defendants' arguments that a minimum, concurrent sentence is the presumption and that such sentence should thus be imposed as the remedy for theBlakely violation. Id. at ¶ 88. Then, the Court rejected this argument and instead imposed the remedy of severance, excising R.C. 2929.41(A) from the code. Id. at ¶ 92.
 {¶ 47} The Court expressly declared that after severance, "there is nothing to suggest a `presumptive term'." Id. at ¶ 96. The Court then stated that R.C. 2929.41(A) is capable of being severed. Id. at ¶ 99. The Court expounded:
 {¶ 48} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. * * * 2929.41. These sections are severed and excised in their entirety * * *." Id. at ¶ 97. *Page 13 
 {¶ 49} Thereafter, the Court concluded that trial courts have full discretion to impose a sentence within the statutory range and can impose maximum and consecutive sentences without making any particular findings or giving reasons. Id. at ¶ 100. See, also, id. at ¶ 4 of syllabus. Thus, contrary to appellant's argument, the Supreme Court has explicitly removed any presumption of concurrent sentences and has specifically stated that courts have full discretion to impose sentences consecutively. See id. at ¶ 92, 96, 99, 97, 100, 102. Since R.C.2929.41(A), which no longer exists, is the foundation for appellant's cruel and unusual punishment argument, this assignment of error is overruled.
 {¶ 50} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 Donofrio, J., concurs. Waite, J., concurs. *Page 1