[Cite as *State v. Jefferson*, 2014-Ohio-411.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 12AP-238 |
| | | (C.P.C. No. 11CR-4252) |
| Mark E. Jefferson, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 6, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Mark E. Jefferson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Mark E. Jefferson is appealing from the sentence imposed upon him following his guilty pleas to two counts of rape and one count of gross sexual imposition. The sentence imposed by the trial court was 18 years of incarceration, which was the sentence jointly recommended to the trial court judge by the defense and prosecution. He also alleges he received ineffective assistance of counsel in the trial court.

{¶ 2} Jefferson assigns four errors for our consideration:

ASSIGNMENT OF ERROR I

Whether the trial court abused its discretion by sentencing Appellant to consecutive sentences.

ASSIGNMENT OF ERROR II

Whether the trial court abused its discretion in failing to impose proportional sentencing.

ASSIGNMENT OF ERROR III

Whether the trial court abused its discretion by applying an improper statute.

ASSIGNMENT OF ERROR IV

Whether Appellant was denied effective assistance of counsel.

{¶ 3} We are bound by the ruling of the Supreme Court of Ohio in *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095. The Supreme Court of Ohio decided that a criminal defendant cannot legitimately pursue an appeal of a sentence to which he or she agreed in the trial court. In the words of the Supreme Court, "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* at ¶ 25.

{¶ 4} The first, second and third assignments of error are overruled.

{¶ 5} The fourth assignment of error questions whether Jefferson received ineffective assistance of counsel for purposes of the Sixth Amendment to the United States Constitution.

{¶ 6} The seminal case on the topic is *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* case sets a high standard for those attacking the quality of their representation in the trial court. The essence of the *Strickland* case is set forth at pages 687 of the opinion:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

{¶ 7}   Jefferson admitted to police and in conjunction with his guilty pleas that he repeatedly penetrated a child under the age of 13 with his fingers.  Trial counsel arranged a plea bargain which reduced Jefferson's risk of a sentence of life imprisonment to sentences of a fixed number of years.  Because Jefferson had confessed his guilt to police, the issue in the trial court was never his guilt, but how much incarceration would be imposed for his sexual assaults.  Trial counsel arranged a plea bargain which capped that incarceration.  The representation was not ineffective assistance of counsel.

{¶ 8}   The fourth assignment of error is overruled.

{¶ 9}   All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

————————————