[Cite as *State v. Jefferson*, 2021-Ohio-4188.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-306 |
| | | (C.P.C. No. 11CR-4252) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Mark E. Jefferson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 23, 2021

**On brief:** *J. Gary* Tyack, Prosecuting Attorney, *Janet A. Grubb*, First Assistant Prosecuting Attorney, and *Mark R. Wilson*, for appellee. **Argued:** *Mark R. Wilson.*

**On brief:** *George A. Katchmer*, for appellant. **Argued:** *George A. Katchmer.*

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Mark E. Jefferson, appeals from a judgment of the Franklin County Court of Common Pleas denying a motion to withdraw his guilty plea. Because we conclude the claim asserted in the motion was barred by res judicata, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Jefferson was indicted for two counts of rape of a victim less than thirteen years old and one count of gross sexual imposition against a victim less than thirteen years old. He pled guilty to the charges as indicted; the state and defense jointly recommended eight-year prison sentences on the two rape charges and a two-year prison sentence on the gross sexual imposition charge, with all sentences to be served consecutively, for a total

sentence of eighteen years of imprisonment. At the plea and sentencing hearing, the state asserted that Jefferson confessed to police he had inserted his finger into the genitals of one of his nieces on two different occasions; he also confessed to touching the genitals of another niece. The trial court accepted Jefferson's guilty pleas and imposed the jointly recommended sentence in a judgment entry issued in January 2012.

{¶ 3} Jefferson filed a pro se direct appeal of the sentencing judgment, asserting abuse of discretion by the trial court and ineffective assistance of trial counsel. *State v. Jefferson*, 10th Dist. No. 12AP-238, 2014-Ohio-411, ¶ 2. This court overruled Jefferson's assignments of error alleging abuse of discretion, holding " '[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.' " *Id.* at ¶ 3, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 25. We also overruled Jefferson's claim of ineffective assistance of counsel, noting he confessed to the offenses and his trial counsel negotiated a plea agreement that avoided a potential sentence of life imprisonment:

> Because Jefferson had confessed his guilt to police, the issue in the trial court was never his guilt, but how much incarceration would be imposed for his sexual assaults. Trial counsel arranged a plea bargain which capped that incarceration. The representation was not ineffective assistance of counsel.

*Id.* at ¶ 7.
The Supreme Court of Ohio declined to accept Jefferson's appeal of this court's decision. *State v. Jefferson*, 139 Ohio St.3d 1405, 2014-Ohio-2245.

{¶ 4} In October 2014, represented by counsel, Jefferson moved to withdraw his guilty plea, asserting his trial counsel was ineffective by failing to seek suppression of his statements to the police, failing to advise him of the possibility of parole if he was convicted at trial, and failing to consider mitigating factors or seek a more favorable plea offer. The trial court denied the motion, noting that a claim of ineffective assistance of trial counsel had been raised on direct appeal and rejected by this court. Jefferson failed to timely appeal the trial court's judgment; he moved for a delayed appeal and this court denied his motion, concluding he failed to demonstrate a legitimate reason to withdraw his plea or a reasonable explanation for his failure to file a timely appeal. *State v. Jefferson*, 10th Dist. No. 15AP-145 (Mar. 19, 2015) (memorandum decision).

{¶ 5}   In March 2021, again represented by counsel, Jefferson moved a second time to withdraw his guilty plea, asserting his guilty plea was involuntary, unknowing, and unintelligent because his trial counsel failed to inform him that he was entitled to a presentence investigation.[1]  Jefferson claimed "had he known that he was entitled to a PSI, he would have insisted on one or he would not have pled."  (Mot. to Withdraw Plea at 3-4.) He asserted a presentence investigation would have made the trial court aware of mitigating factors that might have impacted its sentencing decision.   Jefferson also submitted affidavits from himself and four other individuals averring they heard the trial court state at the sentencing hearing that the jointly recommended sentence was too harsh.  The trial court denied the motion, concluding Jefferson's ineffective assistance counsel claims was barred by res judicata because it could have or had been raised in his direct appeal or first motion to withdraw his guilty plea.   The court further concluded Jefferson failed to demonstrate a manifest injustice warranting post-sentence withdrawal of his guilty plea. Jefferson timely appealed the trial court's decision.

## II.  ASSIGNMENT OF ERROR

{¶ 6}   Appellant assigns the following as trial court error:

> A PLEA THAT IS INVOLUNTARY, UNKNOWING AND UNINTELLIGENT MUST BE VACATED AND A PLEA THAT IS INVOLUNTARY, UNKNOWING AND UNINTELLIGENT DUE TO THE INEFFECTIVENESS OF COUNSEL MUST BE VACATED

## III.  STANDARD OF REVIEW

{¶ 7}   Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   " 'Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process.' "  *State v. Mobley*, 10th Dist. No. 20AP-350, 2021-Ohio-492, ¶ 9, quoting *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 10.  " 'An appellate court will

---

[1] We note the Supreme Court of Ohio has held that "[a] trial court need not order a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted."  *State v. Cyrus*, 63 Ohio St.3d 164 (1992) syllabus, *superseded by statute on other grounds* as stated in *State v. Barnette*, 7th Dist. No. 06 MA 135, 2007-Ohio-7209, ¶ 24.

not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion.' " *Id.* at ¶ 10, quoting *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 8. "Where, however, the issue is the applicability of res judicata, which is a question of law, an appellate court conducts a de novo review." *Id.*

## IV. LEGAL ANALYSIS

{¶ 8} In his sole assignment of error, Jefferson argues the trial court erred by denying his second motion to withdraw his guilty plea because the plea was involuntary, unknowing, and unintelligent due to his trial counsel's failure to advise him that he was entitled to a presentence investigation. Jefferson alleges he would have insisted on a presentence investigation if he had known that was available and would not have pled guilty if not guaranteed a presentence investigation. He argues that the lack of a presentence investigation prevented the trial court from considering all mitigating factors in determining the sentence.

{¶ 9} " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *Id.* at ¶ 11, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. "Consistent with these principles, this court has repeatedly held that res judicata bars a party from raising issues in a postsentencing Crim.R. 32.1 motion that were or could have been raised in a direct appeal." *Mobley* at ¶ 11.

{¶ 10} Jefferson's second motion to withdraw his guilty plea asserted a claim of ineffective assistance of counsel, which was an issue he raised on direct appeal. Although Jefferson's motion offered a new argument to support his ineffective assistance claim, that argument could have been raised in his direct appeal. Therefore, the claim was barred by res judicata. Additionally, Jefferson asserted ineffective assistance of counsel in his *first* motion to withdraw his guilty plea. " 'Res judicata * * * acts to bar raising issues in a

successive Crim.R. 32.1 motion to withdraw a plea of guilty where those issues could have been raised in the prior Crim.R. 32.1 motion.' " *Id.* at ¶ 16, quoting *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11. Thus, res judicata also bars the claim asserted in Jefferson's second motion to withdraw his guilty plea because it could have been raised in his first motion to withdraw his guilty plea. Accordingly, the trial court properly denied Jefferson's second motion to withdraw his guilty plea.

{¶ 11} The claim asserted in Jefferson's second motion to withdraw his guilty plea was barred by res judicata and therefore we need not reach the question of whether he established manifest injustice. Because res judicata barred Jefferson's claim, we overrule his sole assignment of error.

## V. CONCLUSION

{¶ 12} For the foregoing reasons, we overrule Jefferson's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and JAMISON, JJ., concur.

_____