JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Michael Beckwith appeals from the trial court's denial of his post-sentence motion to withdraw guilty pleas to charges of rape with a firearm specification and attempted murder.
 {¶ 2} Beckwith presents three assignments of error.[1] He asserts that the trial court abused its discretion in refusing to grant his motion, since he demonstrated his pleas were neither knowingly, voluntarily nor intelligently made, but, rather, he deserved a full trial on the charges; he claims, at the least, the evidence he presented warranted an oral hearing on his motion.
 {¶ 3} Upon a review of the record, this court cannot agree with Beckwith. Consequently, his convictions are affirmed.
 {¶ 4} Beckwith originally was indicted in this case in June 2006 on eight counts. Each related to the same adult female victim, and all were alleged to have occurred on December 13, 1996. The indictment charged Beckwith with two counts of rape, two counts of kidnapping, two counts of aggravated robbery, one count of attempted murder, and one count of felonious assault. Counts one through four, and count seven, each contained both a three-year firearm *Page 4 
specification and a sexually violent predator ("SVP") specification; counts five and six contained a three-year firearm specification, and count eight contained both a one-year and a three-year firearm specification.
 {¶ 5} Beckwith received assigned counsel to represent him. The record reflects that, over the ensuing months, counsel filed the necessary motions on his client's behalf, and attended no less than seven pretrial hearings between his appointment to the case in July 2006 and the January 2007 trial date.
 {¶ 6} The record further reflects that Beckwith's indictment on the instant charges resulted from a match of his DNA, which had been entered into law enforcement's "combined index system,"[2] with DNA contained in a "rape kit" taken from the victim immediately after the incident. Beckwith's counsel sought, and obtained, an independent laboratory analysis to confirm the match.
 {¶ 7} On the date set for trial, the parties informed the court that a plea agreement had been reached. As outlined by the prosecutor, the state would dismiss the remaining counts in exchange for Beckwith's guilty plea to count one, rape, and to count seven, attempted murder, both amended to delete the SVP specifications, and count seven also to delete the firearm specification.
 {¶ 8} The prosecutor noted that one of the factors Beckwith had considered in accepting the agreement was the fact that, if convicted of the SVP *Page 5 
specification, "that could impose***a life imprisonment tail." If he entered these pleas, Beckwith would receive a sentence on count one of "anywhere from three to ten years, plus a firearm specification," which was "three years." As a first-degree felony, count seven also carried a three to ten year term.
 {¶ 9} The prosecutor further noted, "No threats or promises, no agreements with regard to what sentence Mr. Beckwith [would] get in this case." The parties had "not discussed that." Beckwith's trial attorney concurred with the prosecutor's statements, and added that his client had "discussed this with [him] numerous times and he ha[d] agreed to the plea bargain."
 {¶ 10} The trial court thereupon conducted a careful and thorough colloquy with Beckwith. After outlining the penalties involved with the charges, the court then stated to him, "It appears***that there is no agreement in this plea agreement that's been reached as to how I would sentence you. I have not had any discussions with your attorney or with [the prosecutor] other than what you and I just heard together in open court."
 {¶ 11} The trial court thereupon asked Beckwith, "So no promises***have been made to you, have they, with regard to how the Court would sentence you?" Beckwith responded, "Nope." The court proceeded with the remainder of the colloquy. At its conclusion, the court reminded Beckwith that he was facing three to ten years on each count, with an additional three years for the firearm. *Page 6 
Beckwith answered, "Yes" when asked if he understood.
 {¶ 12} When Beckwith entered his guilty pleas to each count, the court found Beckwith was entering his pleas knowingly, voluntarily, and intelligently. It then proceeded to the sentencing phase of the proceeding.
 {¶ 13} The prosecutor described the circumstances surrounding the incident. According to Beckwith's criminal history, he had committed numerous violent crimes in 1996, and finally had been "picked up" on one on December 16 of that year. Three days earlier, he had committed the offenses in the instant case; he was not yet twenty years old.
 {¶ 14} Beckwith "caught up with" the victim as she walked on the street "in the middle of the afternoon," pulled out a gun, and forced her into a secluded area, where he ordered her to strip, took her identification cards, and raped her both vaginally and orally. Afterward, Beckwith put the gun to her and pulled the trigger, but "the gun did not go off when she heard the click." Beckwith threatened her verbally before leaving her there, naked.
 {¶ 15} The victim made a statement to the court concerning the effect of the incident on her life. When presented with the opportunity to apologize, Beckwith expressed scant regret.
 {¶ 16} The trial court ultimately imposed upon Beckwith a total term of fourteen years for his convictions in this case, viz., consecutive terms of three *Page 7 
years for the firearm specification, ten years for the rape, and four years for the attempted murder. The court further ordered this sentence to be served consecutively with the terms imposed in five other cases. Beckwith made no comment about his sentence prior to the conclusion of the hearing.
 {¶ 17} Nevertheless, approximately a year later, Beckwith filed a Crim. R. 32.1 motion to withdraw his pleas. He claimed in his motion that he was "actually innocent" of the charges, and that his pleas were induced by his trial counsel's "deception." Beckwith stated in his affidavit attached to the motion that his counsel had promised him he would receive a sentence that "would be served concurrently with" his other sentences.
 {¶ 18} The trial court subsequently issued a journal entry denying Beckwith's motion to withdraw his pleas.
 {¶ 19} Beckwith challenges the trial court's decision with the following assignments of error.[3]
 "I. The court erred by not conducting a hearing to ascertain if his (sic) plea was made voluntarily, knowingly and intelligently.
 "II. The trial court erred by not conducting a hearing to determine whether in fact a manifest injustice occurred.
 "III. The trial court erred in denying Michael Beckwith's motion *Page 8 to vacate plea, thereby depriving him of valuable federal constitutional rights."
 {¶ 20} Beckwith asserts that, in view of the evidence he supplied concerning his trial counsel's promises of a particular sentence, the trial court's decision to deny his motion to withdraw his pleas without a hearing constitutes an abuse of discretion.[4] This court disagrees.
 {¶ 21} A motion to withdraw a guilty plea after the imposition of sentence may be granted by the trial court only to correct "manifest injustice." Crim. R. 32.1; State v. Xie (1992), 61 Ohio St.3d 521;State v. Smith (1977), 49 Ohio St.2d 261; State v. Peterseim (1980), 68 Ohio App.2d 102. In turn, this court's review of the trial court's decision on the motion is limited to the issue of whether the trial court abused its discretion. State v. Bayles, Cuyahoga App. No. 85910,2005-Ohio-6233.
 {¶ 22} The trial court's decision to deny the motion without a hearing also is granted deference. State v. Atkinson, Cuyahoga App. No. 85773,2005-Ohio-5348. This especially attends in a case such as this; Beckwith never requested an oral hearing on his motion. Under these circumstances, the trial court can hardly be faulted for failing to conduct one. State v. Jackson-Washington, *Page 9 
Cuyahoga App. Nos. 90459 and 90648, 2008-Ohio-3815.
 {¶ 23} The record of this case, at any event, fails to support a conclusion the trial court abused its discretion in denying Beckwith's motion to withdraw his pleas without conducting an additional hearing. His affidavit notwithstanding, the transcript of his plea hearing reflects the trial court addressed Beckwith during the colloquy specifically regarding the fact that the potential sentence to be imposed would be left totally to the court. Moreover, in spite of the trial court's invitation to him to speak up with respect to any representations made to him, Beckwith indicated he was satisfied with his counsel's efforts on his behalf, and, further, denied any promises were made to him.
 {¶ 24} The record also reflects that Beckwith's trial counsel negotiated an advantageous plea agreement for his client. Counsel secured the dismissal of six of the eight counts along with the reduction of the other charges. Counsel obviously was well-prepared and provided an articulate and persuasive argument for leniency on Beckwith's behalf. The fact that counsel's argument proved less than completely successful resulted from Beckwith's criminal record in combination with Beckwith's demeanor toward the court. State v.Longo (1982), 4 Ohio App.3d 136.
 {¶ 25} All of the foregoing facts distinguish this case from the situation presented in State v. Mays, 174 Ohio App.3d 681,2008-Ohio-128. Mays *Page 10 
produced an affidavit from her mother which supported her claim that she "would be given three-for-one days jail time credit toward her sentence" because defense counsel had made the same representation to her mother. This affidavit, in conjunction with the plea hearing transcript, where the trial court indicated Mays would be given "credit for time served, as calculated," necessitated a hearing on her claim of ineffective assistance of counsel.
 {¶ 26} Unlike the defendant in Mays, Beckwith presented no evidence which pointed out the existence of any "ambiguity in the record." Id., ¶ 14. In this case, at Beckwith's plea hearing, the prosecutor, defense counsel and the trial court each stated on the record that no promises had been made with respect to the sentence to be imposed. Beckwith, himself, had a great deal of experience with the criminal justice system; he secured a plea agreement which eliminated the specifications that entailed a sentence of life in prison.
 {¶ 27} Nevertheless, Beckwith presented the trial court with an affidavit in which he claimed his trial counsel lied to him about his sentence. This claim flew in the face of the record. The trial court stated at Beckwith's sentencing that Beckwith was "not remorseful" and was "one of the worst offenders [it had] ever seen." Beckwith failed to raise any protest regarding the consecutive sentence at that time. Instead, he waited over a year to raise this issue.
 {¶ 28} In such circumstances, the trial court was in the best position to *Page 11 
assess the credibility of the assertions Beckwith made in his affidavit, and to determine they were of no merit. State v. Smith, supra, at 264;State v. Bell, Cuyahoga App. No. 87727, 2007-Ohio-3276. Simply put, the trial court could not credit the notion that, after pleading guilty to charges of attempted murder and rape in this particular case, and listening to the comments made during sentencing, a seasoned criminal like Beckwith would understand he would receive concurrent time.
 {¶ 29} For the foregoing reasons, Beckwith's first, second and third assignments of error are overruled.
 {¶ 30} The trial court's order denying Beckwith's motion to withdraw his guilty pleas, accordingly, is affirmed. His convictions are also affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR
[1] Prior to the appointment of assigned counsel for this appeal, Beckwith filed a pro se brief that contains two assignments of error. He argued that the trial court erred in denying his motion, and that his trial counsel rendered ineffective assistance. Since appellate counsel has presented similar arguments in the brief filed on Beckwith's behalf, his earlier, pro se, assignments of error will not be directly addressed.
[2] The prosecutor referred to this as "CODIS."
[3] See footnote 1.
[4] The argument appellant raises in his pro se brief concerning his "innocence" cannot be considered at this juncture because a counseled plea of guilty to a charge removes the issue of factual guilt from the case. State v. Stumph (1987), 32 Ohio St.3d 95, 104-105. *Page 1