[Cite as *State v. Mevorah*, 2012-Ohio-4671.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CAC-030021 |
| STANLEY MEVORAH | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware
MunicipalCourt, Case No. 08CRB01105

JUDGMENT:                                  Affirmed

DATE OF JUDGMENT ENTRY:       October 8, 2012

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH SCHMANSKY                   NICHOLAS SINIFF
Delaware County Prosecutor          Yavitch & Palmer Co., L.P.A.
70 North Union Street                    511 South High Street
Delaware, OH 43015                       Columbus, OH 43215

*Gwin, P.J.*

{¶1} Defendant Stanley Mevorah appeals a judgment of the Municipal Court of Delaware County, Ohio, which denied his application to seal the record of his criminal conviction pursuant to R.C. 2953.31. Appellant assigns a single error to the trial court:

{¶2} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S APPLICATION TO SEAL THE RECORD OF HIS MINOR MISDEMEANOR DISORDERLY CONDUCT CONVICTION WHEN APPELLANT WAS A 'FIRST OFFENDER' AS DEFINED UNDER R.C. 2953.31 (A)."

{¶3} The record indicates appellant was convicted of OVI in violation of R.C. 4511.19(A) in 2007, and convicted of the minor misdemeanor offense of disorderly conduct in May 2008. On November 2009, appellant applied to seal the record of the minor misdemeanor conviction, but the court denied the requested relief because it found appellant did not qualify as a first offender as defined by the statute. Appellant does not seek to seal the record of the OVI conviction, but only the minor misdemeanor.

{¶4} R.C. 2953.31 (A) defines the term first offender. It provides in pertinent part:

"First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. * * *

For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a

violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction. However, a conviction for a violation of section 4511.19, * * * shall be considered a previous or subsequent conviction.

{¶5} Pursuant to the statutory definition, appellant's OVI conviction must be considered a previous conviction. Thus, even though the subsequent offense is a minor misdemeanor, appellant cannot be considered a first offender.

{¶6} The assignment of error is overruled.

{¶7} For the foregoing reasons, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

By Gwin, P. J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0907

[Cite as *State v. Mevorah*, 2012-Ohio-4671.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :

                       Plaintiff-Appellee     :

:

-vs-                                      :       JUDGMENT ENTRY

:

STANLEY MEVORAH                           :

:

           Defendant-Appellant    :       CASE NO. 2012-CAC-030021


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Delaware County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER