[Cite as *State v. Chandler*, 2013-Ohio-4671.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 13AP-452 |
| v. | : | (C.P.C. No. 01CR-4593) |
| Antwaun L. Chandler, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on October 22, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*Antwaun L. Chandler*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Defendant-appellant, Antwaun L. Chandler, appeals from a judgment of the Franklin County Court of Common Pleas denying his postsentence motion to withdraw guilty plea without a hearing. Because the trial court did not abuse its discretion, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 2001, after having been bound over to the trial court from the juvenile court, a grand jury indicted appellant with one count of aggravated murder with a death penalty and firearm specification and one count of aggravated robbery with a firearm specification. Appellant was 17 years old at the time of the offenses. Appellant originally entered a not guilty plea to the charges but subsequently withdrew his not guilty plea and

entered a guilty plea to one count of murder with a firearm specification. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him to a prison term of 15 years to life with an additional three years for the firearm specification. Appellant did not timely appeal his conviction or sentence.

{¶ 3} Five months after his plea, appellant filed a petition for postconviction relief in which he raised a claim of ineffective assistance of counsel. Appellant claimed that he entered his guilty plea based on trial counsel's lie to him that an accomplice had been arrested, had implicated him in the offenses, and agreed to testify against him. The trial court eventually held a hearing in 2007 and denied appellant's petition. This court affirmed that decision. *State v. Chandler*, 10th Dist. No. 09AP-394, 2009-Ohio-5858.

{¶ 4} On April 23, 2013, almost 12 years after his guilty plea, appellant filed a postsentence motion to withdraw his guilty plea. In his motion, appellant alleged that he was actually innocent of the offenses. In support of his claim of innocence, appellant presented affidavits of two co-defendants, who both swore that appellant did not participate in the robbery or murder. Another affiant swore that he lied about appellant allegedly confessing to the murder. The trial court denied appellant's motion without a hearing, concluding that appellant's previous admissions to being involved in the crimes contradicted the exculpatory statements of his accomplices and his own current claim of innocence.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following error:

> The Trial Court Abused Its Discretion When The Court
> Denied Chandler's Motion To Withdraw Guilty Plea Without
> An Evidentiary Hearing.

### A. Standard of Review

{¶ 6} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process. *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice " 'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in

extraordinary cases.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6, quoting *State v. Price*, 4th Dist. No. 07CA47, 2008-Ohio-3583, ¶ 11. A defendant seeking to withdraw a guilty plea following imposition of sentence bears the burden of establishing manifest injustice with specific facts either contained in the record or supplied through affidavits submitted with the motion. *State v. Garcia,* 10th Dist. No. 08AP-224, 2008-Ohio-6421, ¶ 11, citing *State v. Gegia,* 157 Ohio App.3d 112, 2004-Ohio-2124 (9th Dist.).

{¶ 7} A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Spivakov*, 10th Dist. No. 13AP-32, 2013-Ohio-3343, ¶ 11, citing *State v. Barrett,* 10th Dist. No. 11AP-375, 2011-Ohio-4986, ¶ 9. A hearing must only be held if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id.*

{¶ 8} The decision whether to hold a hearing on a postsentence motion to withdraw guilty plea and whether to grant or deny the motion is left to the discretion of the trial court. *State v. Smith,* 49 Ohio St.2d 261 (1977), paragraph two of the syllabus; *Spivakoc* at ¶ 10. Therefore, this court's review of the trial court's denial of a post-sentence motion to withdraw a guilty plea or the decision not to hold a hearing is limited to a determination of whether the trial court abused its discretion. *State v. Conteh,* 10th Dist. No. 09AP-490, 2009-Ohio-6780, ¶ 16. Absent an abuse of discretion on the part of the trial court, its decisions concerning a post-sentence motion to withdraw guilty plea must be affirmed. *State v. Xie,* 62 Ohio St.3d 521, 527 (1992). Although an abuse of discretion is typically defined as an unreasonable, arbitrary, or unconscionable decision, *State v. Beavers,* 10th Dist. No. 11AP-1064, 2012-Ohio-3654, ¶ 8, we note that no court has the authority, within its discretion, to commit an error of law. *State v. Beechler,* 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

**B. The Trial Court did not Abuse its Discretion by Denying Appellant's Motion to Withdraw Without a Hearing**

{¶ 9} Appellant based his motion to withdraw on his claim of actual innocence. That claim is not properly before this court on appeal, as " 'a counseled plea of guilty to a charge removes the issue of factual guilt from the case.' " *State v. McMichael*, 10th Dist. No. 11AP-1042, 2012-Ohio-3166, ¶ 36, quoting *State v. Beckwith*, 8th Dist. No. 91399,

2009-Ohio-1244, fn. 4; *State v. Stumph,* 32 Ohio St.3d 95, 104-05 (1987). Appellant has not challenged the trial court's acceptance of his guilty plea, so we have no cause to re-examine issues those pleas properly resolved. *McMichael*, citing *State v. Kimpel,* 6th Dist. No. WM-07-008, 2007-Ohio-6129, ¶ 20; *State v. Lababidi*, 8th Dist. No. 96755, 2012-Ohio-267, ¶ 17 (affirming denial of motion to withdraw and noting that defendant could not claim innocence because he entered a guilty plea).

{¶ 10} We also note that appellant did not dispute the prosecutor's recitation of facts at his plea hearing. At that hearing, the prosecutor stated that appellant pulled out a handgun and shot the victim three times during a robbery. When the trial court asked appellant if he was guilty of the charges pending against him, appellant responded affirmatively. And, as this court noted in our previous decision affirming the denial of his petition for postconviction relief, appellant admitted to being involved in the shooting. *Chandler* at ¶ 11. For these additional reasons, the trial court did not abuse its discretion by concluding that appellant failed to demonstrate manifest injustice warranting the withdrawal of his guilty plea.

### III. Conclusion

{¶ 11} The trial court did not abuse its discretion by denying appellant's motion to withdraw without a hearing. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and SADLER, JJ., concur.