[Cite as *State v. Guevarra*, 2022-Ohio-1974.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-21-1096
                                                                                      L-22-1010
          Appellee
                                                        Trial Court No.  CR0199702459
v.

Vincente Guevarra                              **DECISION AND JUDGMENT**

          Appellant                                 Decided:  June 10, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Vincente Guevarra, Pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this consolidated appeal, appellant, Vincente Guevarra, pro se, appeals

from judgments entered by the Lucas County Common Pleas court denying his "Petition

for Writ of Habeas Corpus" and his "Emergency Motion to Withdraw Guilty Plea."  For

the reasons that follow, we affirm the judgment of the trial court with respect to appellant's motion to withdraw guilty plea and we dismiss as moot the appeal from the petition for writ of habeas corpus.

**Statement of the Case and Facts**

{¶ 2} On July 31, 1997, appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A), an unclassified felony, with an attendant firearm specification, in regard to the murder of Karen Thompson, which occurred on May 12, 1997. Appellant was also indicted on one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1). These two charges related to the stabbing and robbery of Stephen Marquez, which occurred on April 16, 1997.

{¶ 3} Appellant was arraigned on August 1, 1997 and provided with appointed counsel. On July 10, 1998, he entered pleas of guilty to murder, a lesser included offense, in violation of R.C. 2903.02, an unclassified felony, together with a firearm specification, in violation of R.C. 2941.145, as well as one count of felonious assault, in violation of R.C. 2903.11(A), a felony of the second degree, and one count of aggravated robbery, in violation of R.C. 2911.01(A), a felony of the first degree.

{¶ 4} On July 23, 1998, appellant was sentenced to serve a term of imprisonment of 15 years to life on the murder charge, plus three years on the firearm specification, seven years on the felonious assault charge, and nine years on the aggravated robbery

2.

charge. The sentences were ordered to be served consecutively, for a total period of incarceration of 34 years. No direct appeal was filed.

{¶ 5} On March 22, 2006, appellant filed a motion to withdraw plea, on the grounds that appointed counsel's acts prevented him from entering into the negotiated plea agreement knowingly, intelligently, or voluntarily. Specifically, appellant argued, inter alia, that his lawyer failed to contact people who appellant identified as individuals who "were involved" in the crime. The trial court denied this motion on November 28, 2006.

{¶ 6} Appellant, represented by attorney Karen Oakley, filed a petition for writ of habeas corpus on January 19, 2021. The trial court, determining that the petition was properly treated as a petition for postconviction relief under R.C. 2953.21, denied the petition on the grounds that it was untimely filed and, further, because the claims asserted therein were barred by the doctrine of res judicata. Appellant filed a pro se appeal of that denial on May 21, 2121. In his brief accompanying that appeal, he argues, in part: (1) that he received ineffective assistance of counsel, because his counsel failed to caption the motion as a motion to withdraw guilty plea; and (2) that the trial court erred by failing to construe his petition as a motion to withdraw guilty plea. On June 18, 2021, appellant, pro se, filed his "Emergency Motion to Withdraw Guilty Plea," wherein he asserted his "actual innocence," based on "new evidence affidavits." On August 6, 2021, this court remanded the appeal to the trial court to enter an order on appellant's pending motion to

3.

withdraw his plea. On December 20, 2021, the trial court entered the order denying the motion, and on December 30, 2021, this court ordered that the case was reinstated to its docket, and the current appeal followed.

## Assignments of Error

{¶ 7} Appellant asserts the following "consolidated assignment of error" on appeal:

> 1. Guevarra's U.S. Constitutional right to due process and ineffective assistance of counsel was violated when the trial court denied his emergency request to withdraw his guilty plea via new evidence; while not also providing Guevarra an oral hearing.

## Analysis

{¶ 8} In his sole assignment of error, appellant argues that the trial court erred when it denied his second motion to withdraw guilty plea without an evidentiary hearing. In the motion, appellant argues as grounds for withdrawing his guilty plea: (1) that he had ineffective assistance of trial counsel who failed to "put[] forth the effort to find out the truth with diligence;" (2) that he has newly-discovered evidence of his actual innocence; and (3) that his most recent counsel was ineffective for filing "a defective petition."

{¶ 9} Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

4.

withdraw his or her plea."  "Manifest injustice relates to some fundamental flaw in the proceedings which results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671. ¶ 6 (citation omitted).  It "'is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases.'" *Id.*, quoting *State v. Tabor,* 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 6 (further citation omitted).

{¶ 10} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Whether manifest injustice occurred is a decision left to the sound discretion of the trial court. *Id.* at paragraph two of the syllabus.

{¶ 11} This court has expressly recognized that "claims submitted in support of motions filed pursuant to Crim.R. 32.1 are subject to the doctrine of res judicata." *State v. Davis*, 2020-Ohio-4539, 159 N.E.3d 331, ¶ 25 (6th Dist.).  Thus, "[r]es judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding." *State v. McDonald,* 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22.

{¶ 12} As indicated above, appellant claims that he had ineffective assistance of trial counsel who failed to "put[] forth the effort to find out the truth with diligence."  In making this claim, appellant argues by implication that he should be permitted to

5.

withdraw his plea because, as the result of his trial counsel's deficient actions, his plea was not knowingly, intelligently, and voluntarily entered. Such a claim was clearly available to appellant during the time period in which he could have, but failed to, file a direct appeal. As such, it is barred by the doctrine of res judicata.

{¶ 13} Next, we review appellant's claims of actual innocence, based on new evidence in the form of affidavits that were filed by appellant and several of his associates. As indicated by this court in *Davis*, under circumstances such as the one at hand, where appellant "did not appeal his convictions and [now] raises arguments to support his post-sentence motion to withdraw that rely upon evidence outside the trial record, the trial court must address the motion on its merits and ascertain whether the defendant should be allowed to withdraw his plea post-sentence in order to correct manifest injustice as provided in Crim.R. 32.1." *Id.* at ¶32 (Zmuda, G., concurring).

{¶ 14} In determining the manner in which the merits of these motions are properly addressed, we look to other, factually similar, cases. In *Chandler*, for example, the appellant had moved to with draw his guilty plea on the grounds "that he was actually innocent of the offenses. * * * [He] presented affidavits of two co-defendants, who both swore that [Chandler] did not participate in the robbery or murder. Another affiant swore that he lied about appellant allegedly confessing to the murder. The trial court denied appellant's motion without a hearing, concluding that appellant's previous admissions to being involved in the crimes contradicted the exculpatory statements of his accomplices

6.

and his own current claim of innocence." *Chandler*, 10th Dist. Franklin No. 13AP-452, 2012-Ohio-4671, at ¶ 4. The Tenth District Court of Appeals -- after explaining that a hearing on a motion to withdraw a guilty plea must be held "only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea," *id.* at ¶ 7, and after acknowledging that such determinations are reviewed for abuse of discretion, *id.* at ¶ 8 -- ultimately concluded that Chandler's guilty plea was dispositive of his motion, stating as follows:

> [Chandler] based his motion to withdraw on his claim of actual innocence. That claim is not properly before this court on appeal, as "'a counseled plea of guilty to a charge removes the issue of factual guilt from the case.'" *State v. McMichael*, 10th Dist. Franklin No. 11AP-1042, 2012-Ohio-3166, ¶ 36, quoting *State v. Beckwith*, 8th Dist. No. 91399, 2009-Ohio-1244, fn. 4; *State v. Stumpf*, 32 Ohio St.3d 95, 104-05 (1987). [Chandler] has not challenged the trial court's acceptance of his guilty plea, so we have no cause to re-examine issues those pleas properly resolved. (Citations omitted.)

*Id.* at ¶ 9.

{¶ 15} The same court of appeals, in *McMichael,* similarly dispensed with another actual innocence claim, finding that "[McMichael's] contention [of innocence] is not rightly before this court on appeal, as 'a counseled plea of guilty to a charge removes the

7.

issue of factual guilt from the case,'" *McMichael* at ¶ 36, quoting *Beckwith* at fn. 4, citing *Stumpf* at 104-05.

{¶ 16} Likewise, this court has stated, in a case in which the appellant did not challenge the trial court's plea colloquy or assert that his plea was not knowing, intelligent, and voluntary, that "it is axiomatic that a guilty plea operates as a complete admission of guilt." *State v. Yee*, 6th Dist. Erie No. E-17-024, 2018-Ohio-531, ¶ 14, citing *Stumpf* at 104.

{¶ 17} Because, as discussed above, we have dismissed that portion of appellant's claim wherein he challenges the trial court's acceptance of his guilty plea -- and, thus, appellant cannot argue at this point that his guilty plea was not well counseled -- we find *Chandler, McMichael,* and *Yee* to be instructive in our analysis of the trial court's handling of the newly submitted affidavit evidence. And although those cases are potentially dispositive, inasmuch as they permit dismissal of appellant's withdrawal motion without additional consideration of the submitted evidence, we find that under the circumstances of this particular case, the trial court was prudent in not rejecting appellant's motion out of hand and in analyzing whether the submitted affidavits warranted further hearing. As recently stated -- again by the Tenth District Court of appeals -- in *State v. Little,* 10th Dist. Franklin No. 21AP-272, 2022-Ohio-1295, "[f]or the sake of argument, we are prepared to accept that in extraordinary cases, new attestations of fact, which an effective lawyer might not reasonably have anticipated in

8.

counseling his client, may be adduced after a conviction by plea and give rise to the possibility that actual innocence marks the conviction as manifest injustice." *Id.* at ¶ 14.

{¶ 18} This court has held that "[n]o hearing is required on postsentence motions under Crim.R. 32.1 unless the facts as alleged by the appellant, taken as true, would require the trial court to permit withdrawal of the plea." *State v. Beachum,* 6th Dist. Sandusky Nos. S-10-041, S-10-042, 2012-Ohio-285, ¶ 22, citing *State v. Blatnik,* 17 Ohio App.3d 201, 204, 478 N.E.2d 1016 (6th Dist. 1984). (Additional citation omitted.) This, of course, would appear to suggest that a hearing *is* required where the facts as alleged by the appellant, taken as true, would require the trial court to permit withdrawal of the plea. Notably, however, both *Beachum and Blatnik* involved claims of ineffective assistance of trial counsel that were alleged to have invalidated the regularity of the plea hearing itself.

{¶ 19} The court in *Little*, in considering a case analogous to the one at hand, distinguished cases in which the Tenth District had construed the standard that "[a] hearing is required [on a plea withdrawal motion] if the facts alleged by the defendant *and* accepted as true would require the court to permit that plea to be withdrawn" to mean that a hearing is required where alleged facts "*if* accepted as true, would establish a manifest injustice," on the grounds that appellant Little did not, and procedurally could not currently, argue that his guilty plea was not appropriately counseled or was in any other way the result of an invalid plea hearing. We agree with this distinction and, thus, we conclude that *Beachum* and *Blatnik* do not require that a hearing be held under

9.

circumstances such as the ones at hand. *See also Chandler,* 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671 (denying appellant's motion to withdraw guilty plea without a hearing, where guilty plea was found dispositive); *McMichael,* 2012-Ohio-3166 (actual innocence claim summarily rejected on grounds that a counseled plea of guilty to a charge removes the issue of factual guilt from the case).

{¶ 20} Addressing the question of whether the trial court acted within its discretion in determining that the affidavits lacked credibility, we, once again, echo the court in *Little* in our determination that "[a]t least here, where the knowing, intelligent, and voluntary nature of the plea is not now in significant dispute but a post-sentence motion to withdraw a guilty plea is based on an assertion of actual innocence predicated on [the affidavits of the complaining witness and several of his associates], and [where] the trial court discounted the credibility of [those affidavits] in denying the withdrawal motion without a hearing, we will [follow] the lead of other appellate districts in making reference to the credibility factors identified in *State v. Calhoun*, 86 Ohio St.3d 279 (1999), as we assess the trial court's determination." *Little* at ¶ 17.

{¶ 21} *Calhoun* provides that in assessing the credibility of affidavit testimony, the trial court "should consider all relevant factors," including whether: (1) the same judge who reviewed the petition also had presided at trial; (2) multiple affidavits "contain nearly identical language, or otherwise appear to have been drafted by the same person;" (3) the affidavit relies on hearsay; (4) the affiant is a relative of the petitioner "or

10.

otherwise interested in the success of the petitioner's efforts;" and (5) the affidavit contradicts "evidence proffered by the defense at trial." *Id.* at 284-285. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit * * * lacks credibility. Such a decision should be within the discretion of the trial court." *Id.* at 285.

{¶ 22} Here, the trial court, utilizing the *Calhoun* considerations, clearly set forth its basis for discounting the affidavits that were submitted by appellant and for denying appellant's post-sentence plea withdrawal motion without a hearing, as follows:

The original Affidavit of Aimee Haynes, dated April 29, 2020, attached to defendant's writ of habeas corpus provides that she was with defendant and his younger brother, Orlando "Orley" Ochoa, along with Jessica Depew, and Ricky on the night of the murder and separated from defendant and his brother when she heard a gun shot and ran back to see Orley holding the gun and [he] told her that he had shot the girl because she did not sell him beer. Ms. Haynes also stated that it was known to everyone that defendant took the blame for his little brother, Orley, who was a very violent person. Ms. Haynes provided an Amended Affidavit which was filed on July 15, 2021 and again attested to the fact that Orley personally informed her that he had killed the victim and defendant took the

blame and she was scared to come forward. However, Ms. Haynes' Amended Affidavit is not signed or notarized.

Jessica (Depew) Jude provided an Affidavit, dated July 3, 2020, which stated that she heard the gunshot and ran toward the 7/11 convenience store and saw Orlee (Orlando Ochoa) standing over the victim's body with what appeared to be a gun, she was already afraid of Orlee, and once Orlee was shot and killed, she reached out to their sister to see if she was in contact with defendant to see if he was going to tell his story now that he no longer needed to protect his brother. Ms. Depew also provided in her Amended Affidavit for clarification purposes that she was 100% afraid of Orley and that he bragged to her about killing the victim in this case and on the night of the murder, defendant did not shoot the victim and heard Orley say this to her personally.

Janine Matis, a close friend of defendant, also provided an Affidavit, dated July 15, 2021, which states that during the calendar year 2020 she was contacted by Jessica Jude and Aimee Haynes and they wanted to come forward with the truth about the events that occurred on the night of the murder, so she obtained all the Affidavits and mailed them to attorney Karen Oakley.

Finally, defendant provided his own Affidavit which was filed on July 15, 2021 and states that he has tried over the last two decades to contact witnesses to aid him in finding the truth since counsel did no work in the past and had he been in possession of all the new affidavits/evidence he would not have entered a guilty plea and would have insisted upon proceeding to trial.

The State argues that the various affidavits cannot be considered new or newly discovered as the original affidavits of Ms. Haynes and Ms. Depew were attached to defendant's previously filed petition for writ of habeas corpus and the information contained in each affidavit has been known to defendant since he entered his plea of guilty. The State also asserts that the affidavits contradict evidence entered at the plea hearing as to defendant's admission of guilt, appear to be prepared by the same person not the affiants through the use of all caps and name misspellings, and contain inadmissible hearsay statements.

Based upon a review of the evidence submitted by defendant for his claim of actual innocence, this Court agrees with the State. The amended affidavits submitted were prepared by the same person as the same format was used for all of them which included all caps, misspellings of names, handwritten corrections, and Ms. Haynes' amended affidavit neither being

13.

signed nor notarized. The evidence submitted by defendant is also
information that was known to him at the time he entered his guilty plea on
July 10, 1998 as the affidavits provide that defendant was present during
the murder and took the blame for his younger brother, Orlando Ochoa,
who allegedly was the shooter. The only change that has occurred since
defendant entered his plea of guilty almost twenty-three years ago was the
death of his younger brother Orlando Ochoa which is what prompted Ms.
Haynes and Ms. Depew to now come forward and tell what they saw on the
night of the murder. There is also no evidence that defendant unknowingly,
unintelligently, or involuntarily entered into his guilty plea. Defendant has
failed to submit evidence which establishes the existence of a manifest
injustice or a clear or openly unjust act.

Consequently, based upon the evidence submitted by defendant,
Crim.R. 32.1, and all the case law cited above, there is insufficient evidence
provided by defendant to establish a manifest injustice under Crim.R. 32.1
which would permit the defendant to withdraw his plea of guilty in this
matter.

[Citations to affidavits omitted.]

{¶ 23} Appellant pled guilty. The trial court correctly assessed the credibility of
the evidence submitted by appellant. Based upon this record, we cannot say that the trial

14.

court abused its discretion in discounting the credibility of the affidavits without an evidentiary hearing and in denying appellant's motion to withdraw his guilty plea; nor can we way that appellant met his burden of showing that manifest injustice had occurred.

{¶ 24} Finally, we look to appellant's claim that he was denied effective assistance of counsel, due to his counsel's filing of a "defective petition." As indicated above, appellant specifically argued in the brief accompanying his initial appeal that he received ineffective assistance of counsel because his counsel failed to caption his petition for a writ of habeas corpus as a motion to withdraw guilty plea.

{¶ 25} In order to prove that his Sixth Amendment right to effective assistance of counsel was violated, an appellant must show that his counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984); *see also*, *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). The appellant must also demonstrate that this defense was prejudiced by counsel's actions or omissions to such an extent that there is a reasonable probability that, but for counsel's errors, a different result would have occurred. *Strickland* at 691-696; *Bradley* at syllabus paragraph 2.

{¶ 26} A review of the record reveals that defense counsel Oakley's pleading was not intended to be a petition for a writ of habeas corpus, as captioned, but rather a petition for postconviction relief. The record further shows that the trial court properly went on to

15.

consider the filing as a petition for postconviction relief under R.C. 2953.21, before denying that motion. Appellant has not shown that but for a mistake in the caption, his motion/writ would have been granted. This argument is, therefore, dismissed as meritless.

{¶ 27} For all of the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Common Pleas Court is affirmed with respect to the motion to withdraw guilty plea, and the related appeal from the petition for writ of habeas corpus is dismissed as moot. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE
Thomas J. Osowik, J.

                                            _____
Gene A. Zmuda, J.                                         JUDGE
CONCUR.

                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.