[Cite as *State v. Brime*, 2026-Ohio-1003.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                          :                    No. 25AP-858
                                                                                    (C.P.C. No. 17CR-1077)

v.                                                             :

                                                                                    (REGULAR CALENDAR)

Ozie Mitchell Brime,                              :

      Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on March 24, 2026

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Ozie M. Brime*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Ozie Mitchell Brime, appeals, pro se, from the September 23, 2025 judgment of the Franklin County Court of Common Pleas denying his post-sentence motion to withdraw a guilty plea without a hearing. For the reasons that follow, we affirm the judgment below.

## I.  FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On February 22, 2017, a Franklin County Grand Jury indicted Mr. Brime for one count of felonious assault with a repeat violent offender specification and one count of having a weapon while under disability in connection with the June 30, 2016 non-fatal drive-by shooting of his daughter's boyfriend. Both offenses were indicted with three-year firearm specifications. We need not belabor the nature of these offenses, as it is not relevant to the issue before us in this case.

{¶ 3} Following numerous continuances and pre-trial motions—including the appointment of new counsel in July 2017—a trial date was set for January 8, 2018. On the morning of the scheduled trial, while represented by his court-appointed attorney, Mr. Brime elected to withdraw his pleas of not guilty and enter into a negotiated plea agreement with plaintiff-appellee, the State of Ohio. Specifically, the plea agreement provided that in exchange for pleading guilty to one count of felonious assault, a second-degree felony, with a three-year firearm specification, the state would move to dismiss the remaining count and all other specifications.

{¶ 4} The trial court accepted Mr. Brime's guilty plea, ordered a presentence investigation report, and scheduled the matter for sentencing. On February 1, 2018, Mr. Brime appeared for sentencing with his court-appointed counsel. Following remarks from the prosecutor, the victim, defense counsel, and Mr. Brime, the trial court imposed a ten-year prison sentence, ordered to be served consecutively to the prison term imposed in a separate case, and dismissed the remaining weapon under disability count and specifications, as requested by the state. The trial court memorialized Mr. Brime's conviction and sentence in a judgment entry dated February 8, 2018. Mr. Brime did not appeal from that judgment.

{¶ 5} In April 2024, over six years after his guilty plea, Mr. Brime filed a motion to withdraw his guilty plea, alleging trial counsel "somehow coerced" him into pleading guilty to a crime he did not commit "without the pretrial adversarial testing of the State's case or purported evidence." (Apr. 4, 2024 Mot. at 2-3.) Mr. Brime also alleged it was "legally impossible" for him to have committed felonious assault because ballistics testing showed that his sister's Taurus .380 handgun did not fire the casings recovered from the scene. (*See* Apr. 4, 2024 Mot. at 3.) In support, Mr. Brime attached a copy of a "Progress of Investigation" update from the investigating agency, Franklin County Sheriff's Office ("FCSO"), indicating ballistics test results were received from the Bureau of Criminal Investigation ("BCI") on March 2, 2017. (Apr. 4, 2024 Mot., Ex. A.)

{¶ 6} In opposing Mr. Brime's motion, the state argued the ballistics testing results were "known and provided to defense counsel prior to [Mr. Brime's] change of plea." (June 21, 2024 Memo Contra at 4.) The state further contended that BCI's exclusion of the Taurus .380 handgun owned by Mr. Brime's sister did not render Mr. Brime's commission

of the offense a "legal impossibility"; rather, it meant a different .380 handgun was used in the shooting. (June 21, 2024 Memo Contra at 4-5. *See also* Apr. 4, 2024 Mot., Aff. of Ozie Brime.) The state also further noted that Mr. Brime sent a letter to the trial court, dated January 10, 2018 and filed February 5, 2018, wherein he took "full responsibilities" for his actions on June 30, 2016. (June 21, 2024 Memo Contra at 2, quoting Feb. 5, 2018 Letter.)

{¶ 7} On September 23, 2025, the trial court denied Mr. Brime's motion to withdraw his guilty plea without a hearing. Mr. Brime timely appealed from that decision and now asserts the following sole assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR BY FINDING THAT [MR. BRIME] WAS NOT ENTITLED TO WITHDRAW HIS GUILTY PLEA BASED SOLELY UPON A FORGED LETTER THAT WAS ALLEGEDLY SENT TO THE COURT BY [MR. BRIME] AND [MR. BRIME] NEVER SENT SUCH LETTER TO THE COURT NOT IN JANUARY 2018 NOR AT ANY OTHER TIME.

## II. ANALYSIS

{¶ 8} On appeal, Mr. Brime argues the trial court erred in denying his post-sentence motion to withdraw his guilty pleas without a hearing. We disagree.

### A. Applicable Law and Standard of Review

{¶ 9} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed." However, even after a sentence has been imposed, a trial court "may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" if it finds such action is necessary "to correct manifest injustice." *See* Crim.R. 32.1. *See also State v. Enyart*, 2023-Ohio-3373, ¶ 16 (10th Dist.).

{¶ 10} "Manifest injustice" is defined as a " 'fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' " *State v. Lowe*, 2015-Ohio-382, ¶ 6 (10th Dist.), quoting *State v. Williams*, 2004-Ohio-6123, ¶ 5 (10th Dist.). " 'It has also been defined as "a clear or openly unjust act," which exists only in extraordinary cases.' " *Enyart* at ¶ 17, quoting *State v Cottrell*, 2010-Ohio-5254, ¶ 15 (8th Dist.), quoting *State v. Owens*, 2010-Ohio-3881, ¶ 9 (8th Dist.), citing *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208 (1998). Accordingly, a post-sentence withdrawal of a guilty plea is permissible only in extraordinary cases under the

manifest injustice standard. *Enyart* at ¶ 18, citing *State v. Honaker*, 2004-Ohio-6256, ¶ 7 (10th Dist.), citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977).

{¶ 11} "[G]enerally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal." *State v. Straley*, 2019-Ohio-5206, ¶ 15, citing *State v. Ketterer*, 2010-Ohio-3831, ¶ 59. *See also State v. Lyons*, 2022-Ohio-2224, ¶ 24 (10th Dist.). However, res judicata does not bar claims raised in a motion to withdraw a guilty plea that are based on new evidence outside of the trial court record and could not have been raised in an earlier proceeding. *Lyons* at ¶ 24, citing *State v. Brown*, 2006-Ohio-3266, ¶ 12 (10th Dist.). As the applicability of res judicata is a question of law, we apply a de novo standard of review. *Lyons* at ¶ 23, citing *State v. Jefferson*, 2021-Ohio-4188, ¶ 7 (10th Dist.) and *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39.

{¶ 12} A trial court is not required to hold a hearing on a post-sentence motion to withdraw a guilty plea. *State v. Chandler*, 2013-Ohio-4671, ¶ 7 (10th Dist.), citing *State v. Spivakov*, 2013-Ohio-3343, ¶ 11 (10th Dist.), citing *State v. Barrett*, 2011-Ohio-4986, ¶ 9 (10th Dist.). A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id*.

{¶ 13} The decision whether to hold a hearing on a post-sentence motion to withdraw a guilty plea and whether to grant or deny the motion is left to the discretion of the trial court. *Straley* at ¶ 15, citing *Smith* at paragraph two of the syllabus and *State v. Francis*, 2004-Ohio-6894, ¶ 32. As such, our review of a trial court's decision not to hold a hearing on a post-sentence motion to withdraw a guilty plea and its denial of that motion is limited to a determination of whether the trial court abused its discretion. *Chandler* at ¶ 8, citing *State v. Conteh*, 2009-Ohio-6780, ¶ 16 (10th Dist.). Absent a showing of an abuse of discretion, a trial court's decisions regarding a post-sentence motion to withdraw a guilty plea must be affirmed. *Chandler* at ¶ 8, citing *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶ 14} "[A]buse of discretion connotes that the court's attitude is unreasonable, arbitrary or unconscionable." (Internal quotations omitted.) *State v. Weaver*, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A court abuses its discretion when a legal rule entrusts a

decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 2020-Ohio-6699, ¶ 19.

{¶ 15} "A decision is unreasonable if there is no sound reasoning process that would support the decision." (Internal quotations omitted.) *Fernando v. Fernando*, 2017-Ohio-9323, ¶ 7 (10th Dist.), quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made "without consideration of or regard for facts [or] circumstances." (Internal quotations omitted.) *State v. Hill*, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed. 2014). A decision may also be arbitrary if it lacks an adequate determining principle and is not governed by any fixed rules or standards. *See Beasley* at ¶ 12, citing *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed. 1979). *See also Hackett* at ¶ 19. A decision is unconscionable if it "affronts the sense of justice, decency, or reasonableness." *Fernando* at ¶ 7, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 2008-Ohio-3567, ¶ 11 (10th Dist.). Further, "[a]n abuse of discretion may also be found where a trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *State v. Harris*, 2023-Ohio-3994, ¶ 73 (10th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir. 2001). *See also Bellamy v. Montgomery*, 2012-Ohio-4304, ¶ 7 (10th Dist.).

### B. Analysis

{¶ 16} In the statement of his sole assignment of error, Mr. Brime contends the trial court erroneously found he was not entitled to withdraw his guilty plea "based ***solely*** upon a forged letter [dated January 10, 2018 and filed February 5, 2018] that was allegedly sent to the Court by [him]" stating he took "full responsibilities for [his] actions on June 30, 2016." (Emphasis added.) (*See* Appellant's Brief at 1; Feb. 5, 2018 Letter.) However, on review, we note the trial court did not reference—much less rely upon—said letter in its

September 23, 2025 judgment denying Mr. Brime's motion to withdraw his guilty plea.[1] As such, we find no merit to this claim.

{¶ 17} Mr. Brime's postconviction motion to withdraw his guilty plea was based on claims of actual innocence, "legal impossibility," and trial counsel's alleged coercion that caused him to enter into the negotiated plea agreement with the state. Although Mr. Brime did not specifically assign these claims as error on appeal, in the interest of posterity, we will address them.

{¶ 18} More than six years after pleading guilty to felonious assault and its accompanying firearm specification, Mr. Brime claimed actual innocence supported withdrawing his guilty plea. (*See* Appellant's Brief at 1-3.) (*See* Apr. 4, 2024 Mot., Aff. of Ozie Brime at ¶ 3 ("Although I knew that I had not done what was alleged in the indictment, my attorney Stephen Wolfe caused me to believe that I would receive four times the sentence if I took the case to trial, and he guaranteed that I would lose at trial even though I continued to let him know I was innocent.").)

{¶ 19} Generally, a guilty plea is a complete admission of guilt. Crim.R. 11(B)(1). It is well-established that " ' "a counseled plea of guilty to a charge removes the issue of factual guilt from the case." ' " *Chandler*, 2013-Ohio-4671, at ¶ 9 (10th Dist.), quoting *State v. McMichael*, 2012-Ohio-3166, ¶ 36 (10th Dist.), quoting *State v. Beckwith*, 2009-Ohio-1244, ¶ 20, fn. 4 (8th Dist.), and citing *State v. Stumpf*, 32 Ohio St.3d 95, 104-05 (1987).

{¶ 20} Although Crim.R. 32.1 does not set forth a particular time limitation for filing a postconviction motion to withdraw a guilty plea, this court has recognized timeliness as " 'a factor adversely affecting the credibility of the movant and militating against the granting of the motion.' " *State v. Beavers*, 2012-Ohio-3654, ¶ 20 (10th Dist.), quoting *Smith*, 49 Ohio St.2d, paragraph three of the syllabus, citing *Conteh*, 2009-Ohio-6780, at ¶ 15 (10th Dist.). In his affidavit supporting his motion to withdraw his guilty plea, Mr. Brime provided no explanation as to the reason for the more than six-year delay in his filing.

---

[1] The trial court's September 23, 2025 judgment analyzed Mr. Brime's April 4, 2024 motion to withdraw his guilty plea as a motion for a new trial. Suffice it to say that, by entering into a plea of guilty, no trial was conducted in the case below. It follows, then, that any request for a **new** trial would be inappropriate. In any event, Mr. Brime does not attribute any error to the trial court's framing of his motion to withdraw his guilty plea as a motion for a new trial. And we note the trial court's analysis ultimately addresses his arguments of actual innocence and the voluntariness of his guilty plea.

{¶ 21} Other than Mr. Brime's affidavit, the record does not support his claim of actual innocence. At the plea hearing, Mr. Brime did not assert his actual innocence; instead, he completely admitted guilt. (*See* Jan. 8, 2018 Entry of Guilty Plea.) And Mr. Brime's statements at the February 1, 2018 sentencing hearing likewise undermine his new attestation of innocence. During allocution, Mr. Brime apologized to his daughter's boyfriend and took "full responsibility for [his] actions." (Feb. 1, 2018 Tr. at 13-14.) And, after Mr. Brime expressed his discontent with receiving a ten-year sentence in open court, the trial court reminded Mr. Brime that he had "shot someone," to which Mr. Brime responded: "I know." (Feb. 1, 2018 Tr. at 20-21.)

{¶ 22} For these reasons, we find Mr. Brime's new innocence claim is belied by his prior admission of guilt, statements at sentencing, and the more than six-year delay in filing his motion to withdraw his guilty plea.

{¶ 23} We likewise find no merit to Mr. Brime's "legal impossibility" claim. In his motion to withdraw his guilty plea, Mr. Brime contended that because BCI determined the Taurus .380 handgun owned by his sister did not fire the shell casings recovered from the scene, it was "legally impossible" to charge him with the felonious assault offense. (*See* Appellant's Brief at 2-3.) It is well-established that a conviction for gun crimes can stand even if no gun is ever recovered. *See, e.g.*, *State v. Hunt*, 2023-Ohio-962, ¶ 20 (2d Dist.); *State v. Sanders*, 2012-Ohio-400, ¶ 41 (11th Dist.); *State v. Marshall*, 2005-Ohio-931, ¶ 26-30 (5th Dist.); *State v. Higginbottom*, 2012-Ohio-5834, ¶ 58 (11th Dist.); *State v. Leigh*, 2023-Ohio-91, ¶ 34 (2d Dist.). "The same is true for a firearm specification: a firearm's existence may be inferred from the surrounding facts and circumstances." *Hunt* at ¶ 21, citing *State v. Vann*, 2009-Ohio-5308, ¶ 27 (2d Dist.); *State v. Murphy*, 49 Ohio St.3d 206, 208-09 (1990). Simply put, one can be guilty of a gun crime even if the gun involved in the shooting is not recovered. Thus, contrary to Mr. Brime's contention, BCI's 2017 ballistics findings do not support his legal impossibility claim.

{¶ 24} And, in any event, Mr. Brime **agreed** to plead guilty in this case rather than go to trial. As such, any purported issues regarding the sufficiency of the state's evidence supporting his guilt have been waived. *See, e.g.*, *Chandler*, 2013-Ohio-4671, at ¶ 9 (10th Dist.) (where an appellant does not challenge the trial court's acceptance of a guilty plea, an appellate court has no cause to re-examine any factual issues properly resolved by that

plea); *State v. Brawley*, 2002-Ohio-3115, ¶ 19 (8th Dist.).  To that end, Mr. Brime has not claimed the state failed to provide his trial counsel with the ballistics testing results received by FCSO on March 2, 2017 in discovery before he pled guilty in January 2018.  As such, Mr. Brime's reliance on ballistics testing available to his trial counsel at the time he entered into the guilty plea does not satisfy the manifest injustice standard required to support a Crim.R. 32.1 postconviction motion to withdraw a guilty plea.

{¶ 25} We are also unpersuaded by Mr. Brime's claim that his trial counsel "somehow coerced [him] into a plea deal" despite his "insist[ance] that he was innocent of this false allegation."  (*See* Appellant's Brief at 2; Apr. 4, 2024 Mot. at 2.)  In his affidavit supporting his motion to withdraw his guilty plea, Mr. Brime alleged that, "[a]lthough [he] knew that [he] had not done what was alleged in the indictment, [his] attorney . . . caused [him] to believe that [he] would receive four times the sentence if [he] took the case to trial, and he guaranteed that [Mr. Brime] would lose at trial even though [Mr. Brime] continued to let [his attorney] know [he] was innocent."  (Apr. 4, 2024 Mot., Aff. of Ozie Brime at ¶ 3.)

{¶ 26} Even assuming this statement to be true, Mr. Brime acknowledged in his affidavit that he knew of the alleged coercion by trial counsel **before** he entered into the guilty plea and appeared for sentencing.  It follows, then, Mr. Brime could—and should— have sought to withdraw his guilty plea **prior** to sentencing, which would have subjected his arguments to a more favorable standard.  *See*, *e.g.*, *Xie*, 62 Ohio St.3d at 527 (observing that, under Crim.R. 32.1, "a presentence motion to withdraw a guilty plea should be freely and liberally granted" and trial courts "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea").  Instead, Mr. Brime inexplicably waited more than six years after he was sentenced to claim he was improperly forced into pleading guilty by his trial counsel.

{¶ 27} To the extent Mr. Brime is attempting to now allege, through a postconviction motion, that his plea of guilty was not knowingly, intelligently, and voluntarily entered and was instead coerced by his attorney's representations, Mr. Brime has provided no evidence supporting such a claim.  Indeed, he did not file a transcript of the plea hearing with this court as required by App.R. 9.  Without a transcript of the plea hearing, we cannot adequately determine whether a manifest injustice occurred.  *See, e.g.*, *State v. Grant*, 2013-Ohio-2981, ¶ 11-12 (10th Dist.); *State v. Rembert*, 2017-Ohio-1173, ¶ 11-14 (10th

Dist.); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). In the absence of a plea hearing transcript, we must presume the regularity of the proceedings below. *See, e.g.*, *Hartt v. Munobe*, 67 Ohio St.3d 3, 7 (1993); *State v. Coombs*, 18 Ohio St.3d 123, 125 (1985). Since the record reflects Mr. Brime was represented by counsel at the January 2018 plea hearing (Jan. 8, 2018 Entry of Guilty Plea) and "after being advised of his rights pursuant to Crim.R. 11, entered a plea of guilty to . . . Felonious Assault with Specification" (Feb. 8, 2018 Jgmt. Entry at 1), we must presume that Mr. Brime's guilty plea was knowingly, intelligently, and voluntarily entered. (Emphasis omitted.)

**{¶ 28}** Based on the foregoing, we find Mr. Brime failed to demonstrate a manifest injustice to support withdrawal of his guilty plea. Thus, the trial court did not err in denying Mr. Brime's motion to withdraw his guilty plea without a hearing. Accordingly, we overrule Mr. Brime's sole assignment of error.

## III. CONCLUSION

**{¶ 29}** Having overruled Mr. Brime's sole assignment of error, we affirm the September 23, 2025 judgment of the Franklin County Court of Common Pleas denying Mr. Brime's motion to withdraw his guilty plea without a hearing.

*Judgment affirmed.*

BOGGS, P.J. and DINGUS, J., concur.